HENRY O. JONES, APPELLEE, v. ELIZABETH DAVIS, APPEL- LANT.

1. **Constitutional Law**: JUDICIAL SALE. The act of the legisla- ture of February 19, 1875, providing "for the more equitable ap- praisement of real property under judicial sale," is not repug- nant to that provision of the constitution, of 1867, which declared that "no law shall be revised or amended unless the new act con- tains the entire act revised, and the sections amended," it being a complete law of itself, covering the whole subject of the ap- praisement of property for that purpose.

2. ——: ——: Neither is it repugnant to the constitutional pro- vision which prohibits the passage of any law impairing the ob- ligation of contracts, inasmuch as it merely changes the remedy or mode of enforcing the contract, which is clearly within the control of the legislature.

APPEAL from Douglas county. Tried below before SAVAGE, J. The facts appear in the opinion.

*G. W. Ambrose,* for appellant.

I. This act clearly falls within the decision of the court, in *Smails v. White,* 4 Neb., 353, and is unconsti- tutional in that regard.

II. The contract was made, and suit prosecuted to final decree prior to the passage of the act of February 19th, 1875, and the act in question is obnoxious to the provisions of the constitution of this state, section twelve, article I, as well as the provision of section ten, article I, of the constitution of the United States, in that it impairs the obligation of the contract.

At the time of making the contract, the law allowed sales of this character to be had for two-thirds of the appraised value. This law was a part of the contract. The decree directed the land to be appraised, advertised, and sold, as directed by law.

. At the time of the sale, the law allowed all liens and incumbrances to be deducted from the appraised value, and the sale to take place for two-thirds of the remaining sum.

Contracts designed to be protected by the provision of the constitution here invoked, are " contracts by which perfect rights—certain definite, fixed, private rights of property—are vested," as distinguished from rights growing out of measures adopted by the body-politic for the benefit of all. *Butler v. Penn*, 10 Howard, 416.

All private contracts, in the ordinary legal application of that phrase, are understood to be embraced within the terms of this provision, and statutes giving mortgagors and owners and judgment debtors additional and new power and opportunities for redeeming property sold on foreclosure or execution, are declared void in their application to existing contracts. *Thorne v. San Francisco*, 4 Cal., 127. *Scobey v. Gibson*, 17 Ind., 572. *Iglehart v. Wolfin*, 20 Ind., 32. *Greenfield v. Dorris*, 1 Sneed, (Tenn.), 548. *Oatman. v. Bond*, 15 Wis., 20. *Cargill v. Power*, 1 Mich., 369. *Ashuelot R. R. v. Elliott*, 52 N. H., 387. *Blackwood v. Vanvleet*, 11 Mich., 252. *Bronson v. Kinzie*, 1 Howard, 315. *McCracken*

*v. Hayward*, 2 Id., 608.    *Curren v. Arkansas*, 15 Id., 304, 319.    *Baily v. Gentry and wife*, 1 Mo., 164. *Bumgardner v. Circuit Court*, 4 Mo., 50.    *Harrison v. Stipp*, 8 Blackf., 455.    *Stevens v. Andrews*, 31 Mo., 205. *Ruwley v. Hooker*, 21 Ind., 144.

*Brown & Thurston*, for appellee, cited Cooley's Con. Lim., 287.    *Satterlee v. Matthewson*, 2 Peters, 380. *Jackson v. Lamphire*, 3 Peters, 280.    *Stocking v. Hunt*, 3 Denio, 274.    *Moore v. Gould*, 11 N. Y., 281.    *Van Rennsselær v. Snyder*, 13 N. Y., 299.    *Conkey v. Hart*, 14 N. Y., 22.    *Thayer v. Seavey*, 11 Maine, 284.    *Oriental Bank v. Freese*, 18 Maine, 109.    *Holloway v. Sherman*, 12 Iowa, 282.    *McCormick v. Rusch*, 15 Iowa, 137.    *James v. Stull*, 9 Barb., 482.    *Howard v. Kentucky, etc., Ins. Co.*, 13 B. Mon., 285.    *Read v. Frankfort Bank*, 23 Maine, 318.    *Holmes v. Lansing*, 3 John. Cases, 74.    *Evans v. Montgomery*, 4 W. & S. (Penn.), 218.    *Chadwick v. Moore*, 8 Id., 459.

The law under consideration only affects the manner of procedure; it leaves a substantial and adequate remedy; it takes away no substantial right of the debtor. We believe it is impossible to say that by the change of the law, the remedy is so far taken away, or the protection of the debtor is so far removed, as to palpably and materially impair the obligation of the contract.

Unless the court can so say, under the authorities cited, it must permit the law to stand.

LAKE, CH. J.

This is an appeal from an order confirming a sale of real estate by a sheriff under a decree of foreclosure, and the only questions presented relate to the constitutionality of the act of the legislature of 1875, which provides

"for the more equitable appraisement of real property under judicial sale."

It seems to have been supposed by counsel for the appellant that this act is open to the same objection which we found in *Smails v. White*, 4 Neb., 353, to the act then under review. It is clear, however, that it is not. This act is of itself a complete law, covering the whole subject of the appraisal of real property exposed to judicial sale; and it in express terms repeals those provisions of the statute under which appraisements were formerly made, so that now it is only necessary to look to this particular act to know what is required to constitute a valid appraisement.

It was expressly declared in *Smails v. White* that legislation of this character was unobjectionable and was not within the mischief designed to be remedied, nor repugnant to the constitutional provision which declares that "no law shall be revised or *amended* unless the new act contains the entire act revised and the sections amended," etc. We must hold therefore that this objection cannot be maintained.

But it is further contended that the act in question violates both the constitution of this state and the constitution of the United States in this, that it has the effect to impair the obligation of the contract. It is true that the act was passed after the execution of the mortgage; and it is also true that it materially changes the mode of ascertaining the value of the property prior to its sale. Under the law as it stood when the contract was executed the appraisement was required to be made regardless of any incumbrances that might be resting upon it, and the sale must have been for at least two-thirds of the value of the property thus ascertained, while now, the sheriff is directed to ascertain all incumbrances of record, and, after deducting them, to return the remain-

der as the real value for the purposes of the sale. This we regard as in no sense impairing the obligation of the contract, but merely as a change of the remedy or mode of enforcing the contract, which is clearly within the control of the legislature. *Morse v. Gould*, 1 Kern., 281. *Von Baumbach v. Bade*, 9 Wis., 559. *Walter v. Bacon*, 8 Mass., 468.

For these reasons the order of the district court confirming the sale must be affirmed.

AFFIRMED.

