JOHN W. BOGGS, PLAINTIFF IN ERROR, V. THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY, DEFENDANT IN ERROR.

| 10 | 297 |
|---|---|
| 14 | 308 |
| 16 | 241 |
| 16 | 683 |
| 10 | 297 |
| 32 | 422 |
| 10 | 297 |
| 45 | 735 |
| 10 | 297 |
| 61 | 256 |
| 61 | 257 |
| 10 | 297 |
| 62 | 756 |

1. Costs: IN CASES OF FELONY AND MISDEMEANOR. Costs incurred in prosecutions for felony or misdemeanor before magistrates are payable from the county treasury only as provided in sections 536 and 541 of the criminal code.

2. ———. The complaint under which costs are made, although charging a felony, is not conclusive on the question of allowance and payment. If upon investigation by the commissioners they shall find that it ought to "have been for a misdemeanor only, they may, in their discretion, disallow the entire bill or any part thereof."

3. Constitutional Law. The last two words—"or misde-

meanor "—of section (105), Gen. Statutes, 250, by which offenses below the grade of felony are brought nominally within the act, are not embraced in its title, and are therefore unconstitutional, and to be rejected in construing the section.

4. ———.  The several provisions of the criminal code relative to costs are clearly embraced in the title of the act, which is "An act to establish a criminal code," and are constitutional.

ERROR to the district court of Washington county, the same having been brought on appeal from an order of the defendant in error, disallowing the claim of plaintiff, who as an officer had served process and performed other service in and about the arrest of certain persons charged with having committed the crime of "willfully and maliciously destroying property." Upon a hearing before SAVAGE, J., the order of disallowance was affirmed.

*Ballard & Walton* and *Carrigan & Osborn*, for plaintiff in error.

*Jesse T. Davis*, for defendant in error.

LAKE, J.

It is made very clear by the testimony taken in the district court that the offense complained of before the justice of the peace, in the prosecution of which the costs in question accrued, was in reality but a mere misdemeanor, and not a felony. In such cases it is not the policy of our law that the costs be paid by the county except as provided in section 541 of the criminal code. Gen. Stat., 842.

It is true that the complaint on which the prosecution was based charged a felony; but that is not conclusive on the question of the liability of the county for the costs. Section 536 of the criminal code provides that: "Upon examination before a magistrate on complaint of a felony, whether the accused be held

to answer in court, or discharged, the magistrate may file with the county clerk a certified transcript of the costs, * * * * as early as may be after the filing of such bill as aforesaid, but without assembling for the special purpose, the commissioners of the proper county shall examine into such bill of costs, as to its correctness, justice, and legality, and may, if need be, examine under oath any person upon the subject, which oath may be administered by the county clerk. And it shall be the duty of said commissioners to disallow any item, in whole or in part, of such bill that shall be found to be unlawful or needlessly incurred; *or if it shall appear that the complaint was made for a felony, when it should have been for a misdemeanor only, they may, in their discretion, disallow the entire bill, or any part thereof.*" Gen. Stat., 840.

We are unadvised of the evidence on which the commissioners acted in making their order of disallowance. But, presuming it to have been in effect not unlike that taken on the trial in the district court, it is clear that the "*discretion*" given them in the last clause of the above quotation from the statute was not unreasonably exercised. We think it is only when such discretion has been arbitrarily and unreasonably exercised that the courts are warranted in interfering with it.

The points argued by counsel for the plaintiff against section 536 of the criminal code—*first*, that it is in conflict with section (105), chapter 13, Gen. Statutes, 250, and *second*, that it is unconstitutional, because not covered by the title of the act, are not well made. This section (105) is the whole of "An act to provide for paying officers for services rendered in cases of felony."

The last two words of this section, "*or misdemeanor*," by which all offenses below the grade of felony are

nominally brought within the operation of the act, are clearly not embraced in the title, which is restricted to *"Services rendered in cases of felony."* Shorn of these two words, the act is, that: "The board of county commissioners of the several counties in this state are hereby authorized to audit and allow the fees that may be fixed by law for services that may hereafter be performed by justices of the peace, constables, and sheriffs, in their respective counties, in the arrest and examination of offenders charged with felony."

This act was passed at the same session of the legislature as the criminal code, and a few days earlier. If, therefore, there were a conflict, as supposed by counsel, the latter would prevail. But there is no conflict. The first act provides merely that the commissioners may "audit and allow" fees of certain officers, in cases of felony, *"that may be fixed by law."* Section 536 of the criminal code not only expressly provides for such allowance, but authorizes an examination by the commissioners to ascertain whether the case in which the fees are charged, and an allowance sought, was really one of felony.

The provisions of the criminal code herein referred to embrace not only the subject of the audit and allowance of such fees, but also the source and manner of payment. As to the constitutionality of these provisions there can be no serious doubt. Certainly, provisions concerning the expenses incurred in the prosecution and punishment of offenders are very properly included in a criminal code, and may be under a title so broad as this: "An act to establish a criminal code."

We discover no error in this record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.