THE COUNTY OF DODGE, PLAINTIFF IN ERROR, V. ROBERT GREGG, DEFENDANT IN ERROR.

Counties: LIABILITY FOR COSTS. Under the provisions of section 536 of chap. 50 of the criminal code, the respective counties are legally liable for the costs earned by justices of the peace, sheriff, and constables, "on examinations before a magistrate on a" proper "complaint of a felony, whether the accused be held to answer in court or discharged." And in cases where the charge is for a felony, but ought to have been for a misdemeanor only, the county board may in their discretion allow or disallow the entire bill, or any part thereof.

22

THIS was an action commenced before the board of county commissioners of Dodge county, on the 23d day of May, A.D. 1882, by the defendant in error against said Dodge county for an allowance of two claims, one for fees for services rendered by himself as sheriff of said county, in a certain preliminary examination wherein the State of Nebraska was plaintiff and Frank M. Lane defendant, amounting to $76.30; and the other for fees of James Huff as justice of the peace, rendered in the same examination.

Huff's fees as justice on said examination were as follows:

| | | |
|---|---:|---:|
| Docketing case.............................................$ | | 25 |
| Swearing 87 witnesses, 10 cents each.................. | 8 | 70 |
| Filing 17 papers, 10 cents each........................ | 1 | 70 |
| Granting and entering nine adjournments, 50 cents each ............................. ......................... ..... | 4 | 50 |
| Issuing ten subpœnas, 50 cents each.................. | 5 | 00 |
| Nine days attendance on trial after first day, $1.00 per day....................................................... | 9 | 00 |
| Taking affidavit for continuance....................... | | 25 |
| | | |
| Total.............................................$29 | | 40 |

And Gregg's fees as sheriff were as follows:

| | | |
|---|---:|---:|
| Serving warrant and return.............................$ | 1 | 00 |
| Mileage on warrant, 12 miles, 5 cents per mile...... | | 60 |
| Attendance on court ten days, $1.00 per day........ | 10 | 00 |
| Serving subpœnas on 95 witnesses at 25 cents each. | 23 | 75 |
| Making 95 copies of subpœnas for witnesses, 25 cents each............................................... | 23 | 75 |
| Mileage on subpœnas, 344 miles at 5 cents per mile | 17 | 20 |
| | | |
| Total................................................$76 | | 30 |

The said claim of Huff was, before the presentation thereof, assigned to defendant in error.

Upon the claim of said Gregg as sheriff, the board al-

lowed $42.55 on general fund, as appears from the endorsement on the back thereof. Upon the assigned claim for Huff's fees, the board allowed $15.90 to defendant in error, in all $58.45. They refused to allow the items of $10 attendance of sheriff on court and $23.75 for copies of subpœnas in sheriff's bill, and the items of $4.50 for nine adjournments and $9 for nine days attendance on court in Huff's bill. From this action of the board the defendant in error took an appeal to the district court of Dodge county, and that court, George W. Post, J., at the October term, 1882, thereof, rendered judgment in his favor for $105.70.

*William Marshall*, for plaintiff in error, cited: 3 Blackstone, 400. *U. S. v. Barker*, 2 Wheat., 395. *Miami County v. Blake*, 21 Ind., 32. 1 Dillon Mun. Corp., 254. *Rawley v. Vigo county*, 2 Blackf., 355. *Kitchell v. Madison Co.*, 4 Scam., 163. *Stanton Co. v. Madison Co.*, 10 Neb., 304. Comp. Stat., 195, sec. 3. *Hewerkle v. Gage County, ante* p. 18.

*George L. Loomis* and *E. F. Gray*, for defendant in error, cited the sections of the statutes bearing on the subject and referred to in the opinion.

Cobb, J.

Sec. 535, chap. L. of the criminal code provides that: " No costs shall be paid from the county treasury in any case of prosecution for a *misdemeanor*, or *for security to keep the peace*, except as provided in section five hundred and forty-one.

The following section (536) provides expressly for the payment of costs by the county, incurred upon examination before a magistrate on complaint of *a felony*, whether the accused be held to answer in court, or discharged. It

also makes it the duty of the county commissioners to dis-allow any item, in whole or in part, of any bill of costs in such cases that shall be found to be unlawfully or need-lessly incurred.   And also where it shall appear that the complaint upon which such examination was made was for a felony, when it ought to have been for a misde-meanor only, the county commissioners may, in their dis-cretion, disallow the entire bill or any part thereof.   This is the only matter arising under the provisions of these sections that is left to the discretion of the commissioners. The reason of this provision of the statute must be apparent to every person of experience, and is fully discussed in and illustrated by the case of *Boggs v. Washington County*, 10 Neb., 297.   But the plain object and intent of the leg-islature in enacting the two sections in question was to fix and declare the liability of the county for costs lawfully and properly earned in the examination, before magis-trates, of persons properly charged with felony, and to de-clare the non-liability of the county for costs incurred up-on the trial or examination of persons charged with the commission of misdemeanors only, and in peace warrant cases.

Sec. 541 provides for the furnishing by magistrates and clerks of courts to the county clerk of their respective coun-ties, of certified copies of uncollectible cost bills, in mis-demeanor and peace warrant cases.   And that, at the first meeting of the county commissioners in the months of April and October of each year, if it shall appear from the records and files of the county clerk's office that the re-ceipts into the county treasury from the sources mentioned in the preceding section—that is to say, the costs and pro-ceeds of jail labor, mentioned in section 540, and required to be credited to the county general fund—are in excess of the amount allowed to be paid from said treasury in the same time for costs in criminal cases, including the sums paid for keeping and transporting prisoners in criminal

cases, said commissioners shall make an order that a sum equal to such excess be appropriated from the county general fund for the payment of cost bills filed as aforesaid, in misdemeanor and peace warrant causes, or so much thereof as shall be necessary to pay all such bills or parts thereof as may be found lawful and just, etc.

The provisions of this section (541) are for the benefit of officers and witnesses earning fees in misdemeanor and peace warrant causes, and those only. It provides for paying to them any balance which may be in the general fund of the county treasury arising from a certain source, but it makes no provision for the payment of fees or costs in felony cases, for the probable reason that they had been provided for in section 536. Their full payment is assured, while the payment of the former class is contingent and uncertain.

While we agree with counsel in the propositions, that neither the state or federal governments ever pay costs, and that the liability of counties to pay costs in criminal cases cannot arise by implication, nor in the absence of an express statute, yet we think that the statute plainly provides that the county shall pay the costs legally earned by magistrates and sheriffs in cases of felony before justices of the peace, except in cases where the complaint ought to have been for a misdemeanor only, and it gives the county board the right to pay costs in their discretion, even then.

Counsel for plaintiff in error in the brief, says: " The greater part of the charges of these officers were for issuing and serving subpœnas on witnesses. The justice's transcript does not show who, or how many of these witnesses were for the state, or for the accused, nor whether any of them were for the state. Now at common law each party, except the sovereignty, was liable for his own costs; to what law can we be referred that makes the state or county liable for the costs in procuring the attendance of witnesses on behalf of the accused ? We know

of no such law; but it must not be forgotten that this is an error case, and that it is with the action of the district court that we have to deal, and not with that of the county commissioners. Had the plaintiff in error made proper and timely application in the court below, the defendant in error would doubtless have been required to show that the costs claimed by him were incurred on the part of the prosecution, and not on the part of the defense. All presumptions are in favor of the correctness of the judgment, and to attack it for this cause it must be shown affirmatively that part or all of these services were rendered in procuring testimony for the defense.

The statute allows the sheriffs, as fees, twenty-five cents for serving a subpœna on a witness, and twenty-five cents (each) for all copies of certain enumerated writs and process, including subpœnas. Whether these copies were necessary is, we think, a question upon which the sheriff's return must be taken as conclusive. The law allows the justice fifty cents for each adjournment in a cause or examination before him. It draws no distinction between adjournments, and we know of no rule by which we can draw any.

As to the other items of cost complained of, we do not deem it necessary for the purposes of this case to examine them in detail, but content ourselves by saying that we do not think the objections to them well taken.

It cannot be denied that the items of costs for issuing, copying, and serving subpœnas in this examination amount to quite a sum, but it must be borne in mind that it was an extraordinary case in respect to the number of witnesses, exceeding in that regard any case within the somewhat extended experience and observation of the writer, and it has not been suggested in this case but that they were all subpœnaed and examined in good faith, or that their testimony

was not necessary to elicit the truth and meet the demands of justice.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.