EX PARTE ISAAC THOMASON.

**Constitutional Law.** That part of "An act to prevent the fraudulent transfer of personal property," approved February 13, 1877, which makes it criminal to remove mortgaged property out of the county within which such property was at the time of the execution of the mortgage, *Held*, Unconstitutional, as not being expressed in the title of the act.

REESE, J.

This is an original application for a writ of *habeas corpus*.

The petitioner was arrested upon a warrant issued by the county judge of Lancaster county, charging him with the crime of "aiding and abetting one William Thomason in removing chattel mortgaged property out of the county of Lancaster, without first obtaining the consent of the mortgagee, with intent to defraud."

A preliminary examination was had and the accused was held to await the action of the grand jury. Failing to give bail he was remanded to jail. He now applies to this court for his release, and alleges that he is unlawfully imprisoned by the sheriff of Lancaster county.

Two questions are presented for consideration. One that the complaint does not charge the commission of any acts which are made criminal by the law of Nebraska; or,

in other words, that there can be no such thing as aiding and abetting the removal of mortgaged personal property in the sense of the law by one who is not a party to the mortgage. The other question presented is the constitutionality of the law under which it is sought to hold the accused.

As the latter question may be said to be the primary one in this case, it demands our first attention, and if the law should be found to be unconstitutional it would obviate any inquiry into the first. The act to which objection is made may be found at page 5 of the laws of 1877 (Compiled Statutes, page 83, section 9). It is claimed by the petitioner that the title of the act is not sufficient; that it does not comply with the constitutional requirement that " no bill shall contain more than one subject, and the same shall be clearly expressed in its title." The title is as follows: "An act to prevent the fraudulent transfer of personal property."

The act in question provides: " That any person who after having conveyed any article of personal property to another by mortgage, shall, during the existence of the lien or title created by such mortgage, sell, transfer, or in any manner dispose of the said personal property or any part thereof so mortgaged, to any persons or body corporate, without first procuring the consent of the mortgagee of the property to such sale, transfer, or disposal, or shall remove, permit, or cause to be removed, said mortgaged property or any part thereof, out of the county within which such property was at the time such mortgage was given on it, with intent to deprive the mortgagee of his security, without having first obtained the consent in writing of the mortgagee of such property to such removal, shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned in the penitentiary for a term not exceeding ten years, and be fined a sum not exceeding one thousand dollars."

It is not deemed necessary to discuss that part of this act which refers to the sale, transfer, or disposal of mortgaged property. As to the constitutionality of that part of the act we express no opinion, that question not being necessarily before the court.

Referring again to the title of the act we find it is lim_ited to the single purpose of preventing "the fraudulent transfer of personal property." The word "transfer" is evidently used in its legal sense and with reference to its legal meaning.

In Bouvier's Law Dictionary the word is defined to be, "The act by which the owner of a thing delivers it to another person with the intent of passing the right he had in it to the latter." And this definition is approved in *Robertson v. Wilcox*, 36 Conn., 426.

In *Innerarity v. Minnes*, 1 Ala., 669, it is said: "The term *transfer* means to convey or pass over the right of one person to another, unless the general meaning is restrained or limited by something accompanying it. See also Winfield on Adjudged Word sand Phrases. "This being the meaning of the word it is quite difficult to see how the title can be said to "clearly" express the subject of the act, for it cannot be successfully maintained tha the removal of property from one county to another is a "transfer" of the property thus removed. Assuming that the title is sufficient to express the subject contained in that part of the act which refers to the sale, transfer, or disposal of mortgaged property, it must then be conceded that it excludes all idea of removing property from one place to another, whatever the intent of the person causing the removal may be.

As to the propriety of this clause of the constitution and the necessity of a strict compliance with its terms it is not now necessary to speak, as it has been often held by this court, as well as by the courts of all other states having a similar constitutional provision, that it is mandatory

and must be obeyed, and that it is a wise provision, calculated to prevent surreptitious legislation by incorporating into a bill obnoxious provisions of which the title gives no indication.

It follows that that part of the act which makes the *removal* of mortgaged personal property a crime is not within the purview of the title and is therefore void. *Boggs v. Washington County,* 10 Neb., 297. *City of Tecumseh v. Phillips,* 5 Neb., 305. *White v. The City of Lincoln,* Id., 505. *State, ex rel. Jones, v. Lancaster Co.,* 6 Neb., 474.

The prisoner being unlawfully restrained must be discharged from custody, and it is so ordered.

JUDGMENT ACCORDINGLY.

THE other judges concur.

*Caldwell & Huston,* for the petitioner.