CHRISTIAN G. HEROLD, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Consti'utional Law: ACT PROHIBITING FRAUDULENT TRANS-FER OF PROPERTY. Section 28 of chapter 32 of the Compiled Statutes—being chapter 46 of the Session Laws of 1883—in so far as it prohibits the fraudulent sale, transfer, secretion, encumbrance, or disposal of property, with the intent to defraud creditors, is constitutional and valid.

2. Instructions prayed for and refused. Examined, and *Held*, To have been properly refused. [MAXWELL, CH. J., dissenting.]

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*M. A. Hartigan*, for plaintiff in error.

*William Leese, Attorney General*, for defendant in error.

REESE, J.

An information, consisting of three counts, was filed in the district court of Lancaster, against plaintiff in error, by the district attorney, charging a violation of section 28 of chapter 32 of the Compiled Statutes of 1885.

The first two counts of the information are substantially the same, the charges varying only in form; the allegations being that plaintiff in error did unlawfully, fraudulently, and feloniously, sell, transfer, secrete, encumber, and dispose of "a stock of goods, with intent to defraud," etc. The trial resulted in a verdict of guilty as charged in the first and second counts of the information, and not guilty as charged in the third count. From the judgment on the verdict plaintiff in error brings error to this court.

The first contention is that the law under which this conviction was had is unconstitutional and void. This is based upon the alleged failure of the act to comply with the provisions of section eleven of article three of the constitution.

The act of the legislature from which the section above referred to is taken was passed in 1883, and may be found on page 230 of the Session Laws of that year.

The provision of the constitution invoked is that "No bill shall contain more than one subject and the same shall be clearly expressed in its title." Constitution, Article III., Section 11. The title to the act in question is as follows: "An act to prohibit the fraudulent transfer of property and to declare the same a crime, and to prescribe the punishment thereof." It is insisted that "there are several separate and distinct offenses grouped and combined together in this act that in no way or manner are related to the title to the act." As we have seen, the title of the act is to prevent the fraudulent transfer of property. The body of the act is as follows:

"If any person or persons in this state, with intent to

cheat or defraud his creditors, or any of them, or with the fraudulent intent to hinder or delay his creditors, or any of them, in the collection of his or their demands, shall sell, transfer, secrete, encumber, or in any way fraudulently dispose of any of or all of his goods, wares, merchandise, chattels, bills receivable, choses in action, or property of any kind, or who, upon any sale of any goods, wares, merchandise, or property of any kind, with a fraudulent intent to hinder or delay, or to cheat or defraud his creditors or any of them, shall secrete, assign, transfer, conceal, or in any way fraudulently dispose of all or any part of the proceeds of any such sale or any property, he or they shall be deemed guilty of a fraudulent transfer of property, and upon conviction thereof shall be punished in the same manner and to the same extent as if he had been convicted of the larceny of the same property."

It is argued that this act is amendatory of the act of 1877 (session laws, 1877, p. 5; Compiled Statutes 1885, section 9, chapter 12), and that no greater latitude can be given to the amendatory act than to the original one, and therefore the holding in *Ex parte Thomason*, 16 Neb., 238, must apply to this case. We think this argument is clearly met in *Jones v. Davis*, 6 Neb., 33. The act in question is clearly independent and complete in itself, is not amendatory of any other law, and is not restricted by any part of the act of 1877. Neither do we think the act under consideration is in conflict with section eleven of article three of the constitution. The act has but one subject and that subject is "clearly expressed in its title." The purpose of the law, as expressed in the title, is to prohibit the fraudulent transfer of property, etc. It is nowhere sought to make the secretion, sale, incumbrance, or fraudulent disposition of property an offense as such, but the legislature has seen proper to declare all or any of such acts "a fraudulent transfer of property." This definition is furnished by the act itself, and the defini- is as much a part of the act as any other portion. The

right of the legislature to prescribe the legal definitions of its own language must be conceded. Neither does the definition prescribed do any violence to the ordinary use of the language, when applied to the use of property in such a way as to hinder, delay, or defraud creditors.

There is a clear distinction between the principle involved in this case and that of *Ex parte Thomason, supra*. In that case no effort was made by the law-making power to give any legal meaning to any of the terms used. The language of that part of the act which was held valid was in substance the same as is contained in that part of the act under consideration, under which the information was filed. In the former act the language is, "sell, transfer, or in any manner dispose of." In the act in question it is, "sell, transfer, secrete, encumber, or in any way fraudulently dispose of." The word "secrete" is the only one to which any objection could be made, and we think it clearly falls within the legal meaning given it by the legislature when applied to the fraudulent use of property. We therefore hold that, in so far at least as it is applicable to the case at bar, the law is constitutional and valid.

This disposes of all the questions presented by the brief of plaintiff in error, and substantially, all presented by the petition in error, except as to the ruling of the trial court in the refusal of instructions asked by plaintiff in error. Of these the first only need be noticed. It is as follows:

"The state prosecutes the defendant in this case under the act of February 21st, 1883, entitled 'An act to prohibit the fraudulent transfer of property, and to declare the same a crime and to prescribe a punishment therefor."

"Before the jury can find the defendant guilty they must be satisfied beyond a reasonable doubt, not only that the defendant transferred the property or some part thereof, but that such transfer was made with the fraudulent intent to hinder or delay his creditors or some of them, if the jury find from the evidence that he had creditors.

"To transfer, means to convey or pass over the right of one person in property to another, as to sell. It is the act by which the owner of property delivers it to another person with the intent of passing the right he had in it to the latter.

"The jury cannot infer a transfer, but the state must prove it beyond a reasonable doubt, and the jury must be satisfied from the evidence and beyond a reasonable doubt, that the defendant did actually make a transfer of his property or some part thereof as defined in this instruction, and that such transfer was made with the fraudulent intent to hinder, or delay, or cheat, or defraud his creditors or some of them; and if the state fails to convince the jury beyond a reasonable doubt that all these things were actually done, then the defendant shall be acquitted."

By this instruction it was attempted to limit the effect of the act which we have been considering to the one act of the fraudulent *sale* of property. This we have already found, to our own satisfaction, is not the law. But it may be contended that the second paragraph of the instruction should have been given, as by it the question of the fraudulent intent of plaintiff in error—a necessary ingredient of the crime charged—would have been submitted to the jury. To this we answer that the question of the fraudulent intent of plaintiff in error was submitted to the jury by the instructions given by the court on its own motion—especially by the second and fourth—and that the paragraph of the instruction is wrong in itself, and was properly refused, had it been asked in a separate prayer. By it, as by the other instructions asked, it was the clear purpose of counsel for plaintiff in error to limit the criminal act to that by which "the owner of property delivers it to another person with the intent of passing the right he had in to the latter." This construction of the language of the act was insisted upon during the trial as well as in this court. As we have seen, it is not the proper construction. But in any

event the instruction was presented to the court as a whole.
It was no error to refuse it.

Assuming our interpretation of the law to be the correct
one, there can be no question as to the guilt of plaintiff in
error.   The large amount of his indebtedness, the fraudu-
lent disposition of the goods by shipping them from Lin-
coln to Cortland, from Cortland to Kansas City, and from
Kansas City to Lincoln and elsewhere, consigned to ficti-
tious persons, with other conduct not necessary to be here
mentioned, leave no doubt as to his guilt and the righteous-
ness of his punishment.   The judgment of the district court
is affirmed.

JUDGMENT AFFIRMED.

COBB, J., concurs.

MAXWELL, CH. J.

I am unable to give my assent to the opinion of the ma-
jority of the court, and will as briefly as possible state the
reasons for my dissent.   I agree with them that the act
does not infringe any provision of the constitution, and is
valid; but in my view the main question in the case—the
*intent to defraud*—was not submitted to the jury in an in-
telligible form.   The information consisted of three counts,
in the first of which Herold is charged with fraudulently
selling, transferring, secreting, encumbering, and disposing
of goods and merchandise to the amount of $20,000.   In
the second count it is charged that he "unlawfully, fraud-
ulently, and feloniously did sell, transfer, secrete, encumber,
and dispose of" a large portion of said goods, etc., to divers
persons, whose names are unknown, and in the third count
it is charged that he "fraudulently, unlawfully, and felo-
niously did secrete, assign, conceal, and dispose of the pro-
ceeds of the said sale," etc.   The court, on its own motion,
instructed the jury as follows :

"4. There is no evidence that the defendant either sold or encumbered his property within the meaning of the law, and therefore you will inquire whether he transferred, or secreted, or fraudulently disposed of with intent to cheat or defraud his creditors, or any of them, as charged in the first count of the information, or with intent to hinder and delay his creditors, or any of them, in the collection of their demands, as charged in the second count in the information, if you find from the evidence that the defendant was indebted and owed creditors.

" To transfer means to transfer or pass over the right of one person in property to another. It is the act by which the owner of property makes over and delivers possession and control of it to another, with intent to vest the real or apparent ownership of it in such other person. To secrete means to deposit in a place of hiding, to hide, to conceal. To dispose of means to exercise finally one's powers of control over; to pass over into the control of another; to part with; to get rid of.

"5. To justify a conviction it is essential that the prosecution prove, among other things, that the defendant was indebted and had creditors, and was possessed of some kind, and that the defendant committed the offense or offenses charged in the county of Lancaster. It is not necessary that the prosecution prove that the offense charged was committed on the day alleged in the information, but it is sufficient in this respect if it be proven that the defendant committed such offense or offenses on the day alleged, or at any time within one or two months prior thereto.

"6. Intent is an important and essential ingredient in the offenses charged; and if you believe from the evidence that the defendant did transfer, or secrete, or fraudulently dispose of his property or any portion thereof, then, in ascertaining and determining his intent, you should consider all the circumstances surrounding him, as well as what he might have said with respect thereto, as shown by the evidence.

Herold v. State.

"7. In case you find the defendant guilty, you will find from the evidence, and state in your verdict, the value of the property so transferred or secreted or fraudulently disposed of, as the case may be.

"8. The burden of proof is upon the prosecution to prove every material allegation in the information, and to justify a conviction of the defendant the evidence must satisfy you of his guilt beyond a reasonable doubt. The law presumes the defendant to be innocent, and the presumption of innocence continues until the evidence satisfies you of his guilt beyond a reasonable doubt. If the evidence leaves your minds in doubt and uncertainty, and you have a reasonable doubt of the guilt of defendant, you must give him the benefit of the doubt and acquit him.

"9. If, however, the evidence produces in your mind an abiding conviction of the guilt of the defendant, and satisfies you of his guilt beyond a reasonable doubt, it is your duty to convict him."

To each of which instructions, given by the court on its own motion, and numbered four, five, six, seven, eight, and nine, the defendant excepted at the time the same were given.

The attorney for the prisoner asked the court to give the following instruction, which was refused, and to which exceptions were taken.

"Before the jury can find the defendant guilty they must be satisfied beyond a reasonable doubt that not only the defendant transferred his property, or some part thereof, but that the transfer was made with the fraudulent intent to hinder and delay his creditors, or some of them, if the jury find from the evidence that he has creditors."

This instruction was in harmony with the 4th instruction given by the court on its own motion that the jury "will enquire whether he transferred or secreted or fraudulently disposed of" his property, etc. The 6th instruction given by the court on its own motion, that "intent is an important and essential ingredient in the offenses

charged," not only falls far short of stating the law that such intent must be proved beyond a reasonable doubt, but was well calculated to mislead by keeping in the background the fact it was the gist of the offence. The prisoner was entitled to a clear explicit statement of the law upon the question of intent, and this court should not give its sanction to a rule which virtually denies the accused a fair trial—a fair submission of the cause to the jury. In my view the judgment should be reversed.