BROWN v. LEWIS *et al.*

**Counties:** OFFICIAL NEWSPAPER: SELECTION OF: RIGHT OF APPEAL: CONSTRUCTION OF STATUTES. Under chapter 197, Laws of 1884, any publisher of a newspaper who is aggrieved by the action of the board of supervisors in designating the official newspapers of the county, may appeal to the district court, and the right of appeal is not limited to cases where fraud is charged. So *held* in view of the cardinal rule that, in the construction of statutes, it is necessary to ascertain and consider the defect in the prior statute intended to be remedied by the enactment of the later or amendatory statute.

*Appeal from Lucas District Court.*—HON. DELL STUART, Judge.

FILED, DECEMBER 18, 1888.

THE facts are stated in the opinion.

*Dungan & Leech, T. M. Stuart, O. A. Bartholomew* and *B. F. Kauffman,* for appellant.

*Mitchell & Penick, J. C. Copeland* and *S. S. King,* for appellees.

SEEVERS, C. J.—The plaintiff is the publisher of the "Chariton Herald," a newspaper published in Chariton, Lucas county; and the defendants, or some of them, are publishers of other newspapers in said county,—one known as the "Chariton Democrat," and the other, "Chariton Patriot." This case grows out of a contest between the publishers of said newspapers as to which of them was entitled to publish the proceedings of the board of supervisors, as provided by statute. Each of the publishers made what they claim to be a proper and sufficient showing, at a proper time, and a hearing was had before the board of supervisors, who designated and decided that the "Chariton Patriot"

and "Chariton Democrat" were entitled to publish such proceedings. The plaintiff, claiming to be aggrieved by such decision, appealed to the district court. The appeal was dismissed upon the motion of the defendants, on the ground that no appeal could be taken from the decision of the board "unless charges of fraud are made by the aggrieved publisher." From this decision the plaintiff appeals, and the court has certified certain questions for our determination, which may be resolved into a single one, and that may be briefly stated as follows: "Can an appeal be taken from the decision of the board of supervisors unless fraud is charged?" It perhaps should be stated that, while fraud has not been charged, the plaintiff insists that the board acted illegally in more than one particular, and that the object of the appeal to the district court was to have it determined whether the board had so acted or not.

Section 304 of the Code provides for the publication of the proceedings of the board of supervisors in at least one newspaper. Contests between the publishers of newspapers arose as to who was entitled to publish such proceedings, and it was held that it did not matter how much a publisher deemed himself aggrieved by the decision of the board, he had no right to complain by appealing to the courts for redress. *Welch v. Board of Supervisors*, 23 Iowa, 199; *Smith v. Yoram*, 37 Iowa, 89; *Iowa News Co. v. Harris*, 62 Iowa, 501. This last decision was made in December, 1883, and the Twentieth General Assembly, which convened in January thereafter, passed an act repealing section 304, and amending section 307 of the Code; and said act, in substance, provides that the board of supervisors shall designate the newspapers having the largest circulation in the county as the official newspapers of the county, and provision is made in relation to the evidence that shall be submitted to the board, and it is further provided as follows: "In case charges of fraud are made by an aggrieved publisher, the board shall seek other evidence of circulation, and the aggrieved publisher shall have the right of appeal * * * for redress of grievances." Ch. 197, Laws

20th Gen. Assem.   Counsel for the appellant contends that the right of appeal exists in all cases, whether fraud has been charged or not ; and this is the question we are required to determine.   The rules as to the construction and interpretation of statutes are well understood, and one of the cardinal rules is to ascertain the defect in the prior statute intended to be remedied by the enactment of the later or amendatory statute.   This being so, we feel authorized to conclude that the defect in the prior statute was that, under the decision of this court, the aggrieved publisher could not complain, however much he may have been wronged by the decision of the board of supervisors.   A right was conferred upon him, but he was denied the right to enforce it by appealing to the courts.   A right to take such an appeal was specially provided in the amendatory statute, and, if it embraces all cases, then the remedy is complete ; and, if it only applies to cases where fraud is alleged, then the remedy is partial only, and may not exist at all. The fraud contemplated in the statute evidently refers to such as may be committed by the respective publishers in submitting their evidence in relation to the circulation of their respective papers in the county.   In such case the board must " seek " other evidence than that furnished by the board, and determine which newspaper shall be designated as the official paper of the county.   The publisher aggrieved by the fraud must make the charge, and the publisher aggrieved by the decision of the board has the right to appeal.   Suppose the decision of the board is in favor of the publisher who makes the charge of fraud, he clearly would not desire to appeal, and he could not, because he would have no grievance to redress.   But the publisher against whom the decision was made would be the aggrieved party, and he has no right to appeal therefrom if the statute should be construed as appellees claim.   We think he clearly has, and therefore, it matters not who makes the charge of fraud, the publisher aggrieved by the decision of the board has the right to appeal.   It,

therefore, follows that the right to appeal is not confined to the publisher who makes the charge of fraud. Unless the right of appeal exists in all cases independent of the charge of fraud, then the defect in the prior statute has not been fully remedied, and yet this must have been the intention of the general assembly; and such intent was, we think, to provide that the contesting publishers, or any of them, in any case or contest, should have the right to appeal for the purpose of redressing any grievance caused by the decision of the board. Suppose the board makes a palpable and erroneous decision, why should not the right of appeal exist in such case as well as where fraud has been charged? The wrong is as great in one case as in the other. It must be remembered that the decisions of the court holding that a publisher could not appeal were based on the ground that he had not sufficient interest in the subject-matter to authorize him to appeal from a decision of the board. It is evident, we think, that the general assembly had in mind, when the last statute was enacted, these decisions, and intended to remedy the defect in the statute upon which the decisions were based, and give the aggrieved publisher the right to appeal in all cases. It follows from what has been said that the question above stated must be answered in the affirmative. Other questions have been discussed by counsel which we are not called on to determine.                               REVERSED.