## E. F. RUNYON v. F. M. HAISLET, Appellant.

**Contest over Designation of County Paper, What Is.** A "contest" within Code 307, arises whenever more than two certified statements of subscription are filed, and the board can not ignore or defeat such contest by failing to prescribe a time for filing or hearing.

**Who Entitled to Designation.** Where there are more than two applicants, the board can consider such publishers, only, as have filed certified statements of subscribers, including such as are filed without an order by the board fixing a time for filing; especially where the successful applicant has not asked that such time be fixed. *Corey v. Hamilton*, 84 Iowa, 394, *distinguished*.

*Appeal from Chickasaw District Court.*—HON. W. A. HOYT, Judge.

TUESDAY, FEBRUARY 6, 1894.

THE plaintiff is the publisher of the New Hampton *Times*, a weekly newspaper published in Chickasaw county. He applied to the board of supervisors of that county in January, 1892, to have his paper selected as one of the official newspapers of the county, under the provisions of section 307 of the Code. The board ignored that paper, and selected four others. From that action the plaintiff appealed to the district court. After a hearing in that court, judgment was rendered in favor of plaintiff. F. M. Haislet, proprietor of one of the papers selected by the board, appeals.—*Affirmed*.

*J. W. Sandusky* and *T. C. Clary* for appellant.

*R. J. W. Bloom* for appellee.

ROBINSON, J.—The only action of the board of supervisors in regard to the selection of newspapers shown by the record of its proceedings is as follows: "On motion it was ordered that the New Hampton *Tribune*, Iowa *Free Presse*, Lawler *Dispatch*, and Nashua *Times* be the official papers of the county to publish the proceedings of the board of supervisors of Chickasaw county, Iowa, for the year 1892, and that the said four papers publish said proceedings for the same compensation as two papers are allowed by law to publish same." The appellant was the publisher of the New Hampton *Tribune*. On the fourth day of January, 1892, that being the first day of the session of the board, the plaintiff deposited with the county auditor a certified statement, subscribed and sworn to, which gave the number and names of the *bona fide* yearly subscribers for his paper living within the county, with the postoffice address of each. At a later time, but before the board made any selection, R. H. Fairbairn, publisher of the New Hampton *Courier*, filed with the auditor a similar statement in regard to the *Courier*. Both statements were sealed, and were opened by the auditor at the request of the board, and were examined by it. No other statements were filed, and no day was named by the board for filing them. Mr. Fairbairn was represented before the board by attorney, who presented his claim, and asked that he be heard before the papers were selected. Mr. Haislet was also before the board as an applicant for the selection of his paper, although he did not file a statement; but there was no time when representatives of the papers selected and of those which were unsuccessful applicants were before the board together, and none were present when the matter was

discussed and determined by it. The appellant contends that there was no contest before the board of supervisors, within the meaning of the statute; that the statement of the plaintiff was filed without the order of the board or other authority; that the evidence fails to show that other applicants had notice that statements had been filed; that no charge of fraud was made, and that there was nothing from which plaintiff could appeal. Section 307 of the Code, as amended by chapter 197 of the Acts of the Twentieth General Assembly, contains the following provisions: "The board of supervisors shall, at its January session of each year, select two newspapers published within the county, or one, if there be but one published therein, having the largest number of *bona fide* yearly subscribers within the county, which circulation shall be determined as follows: In case of contest, the applicants shall each deposit with the county auditor on or before a day named by the board of supervisors a certified statement, subscribed and sworn to before some competent officer, giving the names of the several postoffices and the number and the names of the *bona fide* yearly subscribers receiving their papers through each of said offices, living within the county, such statements to be in sealed envelopes and opened by the county auditor upon direction of the board of supervisors to do so, and the two applicants thus showing the greatest number of *bona fide* yearly subscribers living within the county shall be the county official papers. * * * In case charges of fraud are made by an aggrieved publisher, the board shall seek other evidence of circulation, and the aggrieved publisher shall have the right of appeal to the circuit (now district) court for redress of grievance."

The pleading filed by the plaintiff in the district court alleges that after the statements were filed the members of the board had a private meeting with some or all of the proprietors of the papers selected, at which it was agreed

that the papers of those publishers should be made the official papers of the county without the filing of the statement required by law, and that the statements of plaintiff and Fairbairn should be ignored; that the failure of the board to name a day for the filing of statements, and the ignoring of those filed, was due to the publishers of the papers selected, and was with their knowledge and consent and by their request. The word "fraud" is not used in the pleading, but fraud is plainly charged. Even if that were not the case, the right of appeal would not be defeated. In *Brown v. Lewis,* 76 Iowa, 159, 40 N. W. Rep. 698, it was held that the right of appeal does not depend upon a charge of fraud. There is little direct evidence that the action of the board was the result of a fraudulent agreement with the successful publishers, although it would be natural to infer from the facts shown that there was some understanding between them and the board. One of the questions we are required to determine is whether the board can prevent a contest by wrongfully omitting to name a day on or before which statements of the applicants must be filed to be considered, when such statements are in fact filed before the selection of newspapers is made. We do not think it can do so. Where there are more than two applicants in a county in which but two can be chosen, the only ones whose claims can be considered by the board are those who filed the statements required by the statute, and we think they may be filed without an order of the board fixing the time for filing. When more than two statements are filed, there is a contest, within the meaning of the statute, and the board can not ignore or defeat it by neglecting to fix a day for the filing of the statements and for a hearing. It is stipulated in the record that appellant was an applicant for the county printing, but from the stipulation and the evidence in the case we understand that he made a verbal application to the

board without filing a statement. He was treated as a contestant, but does not appear to have been aggrieved by the failure of the board to appoint a day for a hearing, and does not appeal from its action. The plaintiff was not prejudiced by that failure, for the reason that his statement was one of the two on file; but, as there were but two, he was entitled to have his paper selected and was aggrieved by the failure of the board to select it, and by its action in selecting others. The conclusions we reach are not in conflict with the opinion in the case of *Cory v. Hamilton*, 84 Iowa, 594, 51 N. W. Rep. 54. What the rights of appellant would have been had he desired the naming of a day for filing statements, we need not determine, for the reason that the case does not involve that question. The appellant makes some objection to rulings on the introduction of evidence, which we have examined, but without finding any prejudicial error. The judgment of the district court is AFFIRMED.