## D. H. YOUNG, Appellant, v. H. L. RANN.

**County Papers:** SELECTION: *Appeal to district court.* Where an appeal from the overruling of a motion to dismiss appeal to district court was not taken within the six months allowed by law, it cannot be considered.

APPEAL AND WRIT OF ERROR. Under Code, section 441, providing a method for the selection of the newspapers to do the county printing and allowing an appeal from a decision of the Board of Supervisors in making such selection, to the district court, such appeal need not be taken by writ of error, but may be by appeal as from a justice court.

NOTICE OF APPEAL. A notice of appeal from a decision of a Board of Supervisors, to the district court, which recited that it was from the action of the board rendered January 27, 1898, in the matter of the selection of the papers for the county printing, was a sufficient designation of the order appealed from.

"BONA FIDE YEARLY SUBSCRIBER" DEFINED. Under Code, section 441, providing that the Board of Supervisors shall award the county printing to the two newspapers published in the county which have the largest number of *bona fide* yearly subscribers, within the county, it is not necessary that a subscriber should have taken the paper for a year in order to be counted, if his subscription was *bona fide* and for a year.

TRIAL: *Evidence.* Where, on appeal to the district court from a decision of the Board of Supervisors awarding the county printing to the defendant, the defendant introduced no evidence in the district court as to the number of his subscribers,

a judgment awarding the printing to him was erroneous, since there were no presumptions in his favor, without evidence.

**Exceptions on Appeal.** Under Code, section 3749, requiring an exception to be taken at the time a decision is made, unless it be on motion or demurrer, where defendant did not take an exception at the time of the decision, but two days later filed his exceptions, and a motion to have them entered with the district court clerk, which motion was submitted to the judge, and sustained, an appeal based on an exception so taken will not be reviewed.

**Judge and Court: ACTS IN VACATION.** Where defendant addressed a motion to the court and filed it with the clerk, the judge had no power to act on it in vacation.

*Appeal from Delaware District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, MAY 8, 1900.

PLAINTIFF is the publisher of a newspaper known as the *Delaware County News,* and defendant is the publisher of the *Manchester Press.* Bronson & Carr are the publishers of the *Manchester Democrat.* All the above newspapers are published in Delaware county, and each publisher filed with the board of supervisors his certified statement of alleged yearly subscribers. Plaintiff filed exceptions to the statements made by the defendant and by Bronson & Carr, and defendant filed exceptions to the statement made by plaintiff. On the statements and objections thus filed, a hearing was had before the board of supervisors resulting in the selection of the *Manchester Press* and the *Manchester Democrat* in which to publish the proceedings of the board of supervisors. From that decision plaintiff appealed to the district court, where the case was heard, with the same result as before the board. Plaintiff appeals.—*Reversed.*

*E. E. Hasner* and *F. B. Blair* for appellant.

*E. C. Perkins* and *Yoran, Arnold & Yoran* for appellee.

DEEMER, J.—The material parts of section 441 of the Code are as follows: "The board of supervisors of each county shall select two newspapers published in the county having the largest number of *bona fide* yearly subscribers within the county, which circulation shall be determined as follows: In case of contest the applicants shall each deposit with the county auditor   *   *   *   a certified statement subscribed and sworn to,   *   *   *   giving the names of the several post offices, and the number and names of the *bona fide* yearly subscribers, receiving their papers through said offices, living within the county,   *   *   *   and the two applicants thus showing the greatest number of *bona fide* yearly subscribers living within the county shall be the county official papers.   *   *   *   In case a contest is made by a publisher, the board shall receive other evidence of circulation, and he shall have the right of appeal to the district court, to be taken as in ordinary actions." A contest arose when the three statements were filed with the board. *Runyon v. Haislet,* 90 Iowa, 376; *Ross v. Campbell,* 98 Iowa, 1. But the parties saw fit to file written exceptions. Plaintiff objected to the list filed by defendant. That list showed one thousand one hundred and four names, but plaintiff claims that it included fifty-six non-residents. He also objected to nine names because these persons were not *bona fide* subscribers. Plaintiff's list showed one thousand eight hundred and eighteen names. Defendant claims that this list was padded, and fraudulent, in that it contained names of persons to whom the paper was sent without their knowledge, and against their wish; names of persons who had subscribed for a limited time (less than one year); persons to whom the paper was sent for less than the regular subscription price; and persons who were known to be unable to pay,—with the avowed purpose of enlarging the list. He also charged that plaintiff's list was not in conformity with law, in that it was not verified by the publishers, or by other persons competent to certify thereto;

that the list was so tainted by fabricated testimony that the whole should be rejected, and that the number fraudulently or otherwise added will, when deducted, show that such paper should not be selected. When the case was appealed to the district court, defendant moved to dismiss the appeal because of defects in plaintiff's appeal, and because the matters passed on by the board were final, unless reviewed by writ of error. This motion was overruled, and of this ruling the defendant complains. As he did not appeal from the ruling within the six months allowed by law, his appeal cannot be considered. *Cohol v. Allen,* 37 Iowa, 449. Conceding that we have jurisdiction, there was no error. The notice of appeal recited that it was from the action of the board rendered January 27, 1898, in the matter of selection of the papers for the publication of the official acts of the county the appeal was taken. This was clearly a sufficient designation of the order appealed from. The appeal brought the proceeding into the district court for trial on its merits. *Leftwick v. Thornton,* 18 Iowa, 56. A writ of error was not the necessary procedure, even if it be conceded to have been proper. At the trial in the district court defendant conceded that no proof was necessary to sustain plaintiff's exception to defendant's lists, and that for the purposes of the case the names objected to by plaintiff should not be counted. After hearing all the evidence, the court found that there was no fraud in plaintiff's list. It also found, as we understand it, that the greater number of names on plaintiff's list were secured during the summer and fall of the year 1897, and that of these the greater number were of subscribers for less than one year; that subscribers recently obtained could not be counted, for their permanency was not sufficiently established; and that it was contrary to public policy to permit the counting of recent subscribers as *bona fide* yearly subscribers. From these findings the plaintiff appeals.

Defendant also served notice of appeal from the finding that plaintiff's list was not fraudulent. Plaintiff has filed a motion to dismiss the defendant's appeal for the reason that he (defendant) had judgment in the court below, and cannot be heard to complain, and for the further reason that no exceptions were taken at the time of the ruling. We have no doubt that defendant might have appealed from so much of the finding as was against him, and, perhaps without appealing, might, in a proper case, urge the correctness of the judgment on the whole record as against plaintiff's appeal. But, to have the benefit of an appeal, he must show that proper exception was taken to so much of the judgment as was against him. The facts are that the case was submitted to be determined by the judge in vacation. He made his findings and judgment in vacation, on the twenty-eighth day of June, 1898. These findings and judgment were entered of record June 29th. They noted an exception for plaintiff, and gave him time to file a bill of exceptions; but no exception was noted for defendant. On the thirtieth day of June defendant filed with the clerk of the district court what he denominated his "exceptions" and "motion." In this he entered his exceptions to that part of the record finding no fraud, and asked that they be incorporated into the records. He also moved the court to enter of record his exception. This motion was submitted to the judge in vacation, and on July 1, 1898, he made the following indorsement on the motion: "The above motion is hereby sustained, and the clerk will enter the following exception of appellee, viz.: 'Appellee excepts to the finding of the court that the charge of fraud is not sustained, and the conclusions made thereon.'" This entry was thereafter made of record by the clerk. An exception must be entered at the time a decision is made, unless it be on motion or demurrer. Code, section 3749. The ex-

ception in this case was not taken at the time of the decision, and the motion does not cure the defect. That motion was filed after the decision, and is not for a *nunc pro tunc* entry. Again, it was addressed to and filed in court, and the judge in vacation had no power to act thereon without the consent of the parties. *State v. Hathaway,* 100 Iowa, 225. We cannot, therefore, consider defendant's appeal.

II. The record is in such a confused state that it is difficult to tell just what the proceedings were in the trial court. This much seems to be certain, however: that the court held neither certificate as to the number of subscribers filed by the parties with the board of supervisors was competent evidence of the number either newspaper had in the county. Plaintiff introduced independent evidence tending to show that he had a few less than 1,818 subscribers, and some evidence that names found on the list presented to the board by the defendant were not of *bona fide* subscribers. Defendant offered evidence to the effect that many of the names found on the plaintiff's list were not of *bona fide* subscribers, but produced no evidence from which the number of subscribers to his paper, residing in Delaware county, could be found. The court found there was no fraud on the part of plaintiff, but held that his list was insufficient, because very many of the persons to whom he was sending his paper had not taken it for a year, and therefore they were not *bona fide* subscribers. Acting on the assumption, we suppose, that plaintiff had the burden, and that defendant, having been awarded the printing by the board of supervisors, had, at least, a *prima facie* case, it found defendant entitled to have his paper selected. There are many errors in these rulings. In the first place, the case, as we have seen, was triable on appeal as if it had come from justice court, and no presumption

obtained in defendant's favor. Without evidence as to the number of *bona fide* resident subscribers, defendant was not entitled to have his paper selected. Again, plaintiff was not bound to show that all his subscribers had taken his paper for a year in order to prove the fact that they were yearly subscribers. If they had subscribed for a year, they were yearly subscribers, although they had not taken the paper for more than a month. Plaintiff made a showing of more than one thousand seven hundred yearly subscribers, and defendant made no showing. Even if the court was right in its conclusion as to what constitutes a yearly subscriber, still it should not have awarded the printing to the defendant without some showing as to the number of subscribers to his paper. Again, if the court was wrong in its findings as to fraud, yet defendant was not entitled to the printing on the showing made. Conceding all that is claimed by defendant for his list, it also appears that plaintiff's list is the larger, and, unless defeated by the issue of fraud, he should be awarded the printing. That issue was found against the defendant, and his appeal from the ruling cannot be considered unless it be for the purpose of sustaining the final conclusion of the district court. Conceding that in a proper case this might be done, we do not feel like adopting the rule here, for the reason that under the evidence presented we have no means of determining the actual number of *bona fide* subscribers on defendant's list. The ruling excluding the list he filed with the board of supervisors is not complained of in argument, or, at least, is not argued as error. In view of the whole record, we think the case should be reversed, and remanded for further proceedings in harmony with this opinion. This conclusion renders a consideration of appellant's motion unnecessary. —REVERSED.