GEORGE F. SMITH, Appellee, v. E. H. ROCKWELL, Appellant.

**Selection of County Newspaper: BONA FIDE SUBSCRIBERS.** *Reduction of Subscription Price.* Code, section 441, provides that the board of supervisors of each county shall in January select two newspapers, published within the county, having the largest number of *bona fide* yearly subscribers living within the county, in which all of the proceedings of the board shall be published. *Held,* that the fact that defendant reduced the yearly subscription price from one dollar to twenty-five cents to increase his subscription for the purpose of securing the county printing did not prevent the subscribers so obtained from being *bona fide,* in the absence of evidence that they colluded with the defendant to enable him to secure the contract.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, APRIL 11, 1901.

APPEAL from an order selecting a paper published by plaintiff as an official paper in which to publish the proceedings of the board of supervisors and other matters, under section 441 of the Code.—*Reversed.*

*Irish & Calhoun* for appellant.

*Wherry & Walker* for appellee.

DEEMER, J.—Plaintiff filed with the board a certified statement showing that he had 975 *bona fide* yearly subscribers for his paper, and defendant a like statement, showing that he had 1,192 for his. Each party filed objections to the statement filed by the other, and the case thus made was tried by the district court on an agreed statement of facts. It is practically conceded that plaintiff had but 944 subscribers for his paper, and the sole question in the case relates

to defendant's list.   From the agreed statement of facts, it appears that "defendant's entire list was taken and obtained under a reduced subscription rate of 25 cents per annum; that the former subscription price of defendant's paper was $1 per year, but that the same was temporarily reduced to 25 cents, for the sole purpose of increasing the list of subscribers so as to enable the defendant to compete for the county printing; that when said reduction was made and when said list was filed it was intended by defendant as a temporary reduction to last to January 1, 1899, only, and that it was not intended to give the reduced rate after that date, but that since the filing of the defendant's statement with the county auditor of January4, 1899, and prior to the hearing before the board of supervisors on January 24, 1899, the subscription price to defendant's paper has been permanently reduced to 25 cents per year; that the defendant, for the purpose of increasing his subscription list during the months of November and December, 1898, published and sent out in the regular issues of his paper a special offer, and also sent out over the county, and to his various agents, numerous circulars and advertisements, of a special rate of subscription to his paper at twenty-five cents per year, and in cases even lower than that, to all those that should subscribe prior to January 1, 1899; that agents of the *Farmington Herald* at different places in the county would send in large lists of names of subscribers to said paper at the twenty-five cent rate, and sometimes at a lower rate, would pay for the entire list themselves, and then take their own chances of afterwards collecting the subscription from said persons so named and returned; that some of said parties have since paid for said subscription and some have not; that by the means above stated the defendant very greatly increased his list of subscribers; that, of the total list filed by the defendant, 243 of the persons therein named either did not reside in Van Buren county, or had never subscribed for nor paid for said paper."   Deducting these 243 from de-

fendant's list, the number remaining is still larger than appears on plaintiff's. But plaintiff insists that as defendant obtained his subscribers at a reduced price, and sent out circulars soliciting subscribers at a reduced rate, for the purpose of securing the county printing, the subscribers so secured are not *bona fide,* and that the court correctly awarded the printing to him (plaintiff).·

No question is made but that all these persons were yearly subscribers, and no claim is made that they in any manner colluded with defendant to enable him to secure the printing. Indeed, so far as appears, they took advantage of the rate for the purpose of securing the paper. They were *bona fide* yearly subscribers for the defendant's paper, unless it be for the fact that he reduced the price thereof with intent to increase his list so as to have his paper declared the official paper of the county. We do not think defendant's intent to secure the larger list by reducing the price of his paper in any manner affected the validity or good faith of the subscriptions. The statutes do not attempt to fix the subscription price or the size of the paper. That there must be some price greater than a mere nominal one, and a newspaper that does not wholly belie the name, is conceded; but there is nothing in the record to show the size or quality of defendant's paper, or that the price charged therefor was grossly disproportionate to its value. For aught we know, 25 cents per year may be all that it was worth. But, however this may be, the statute has not attempted to regulate the price or size of the sheet, it merely says that the subscribers shall be *bona fide* yearly subscribers. After eliminating the number of names mentioned, we find that the remainder are *bona fide* yearly subscribers. Our conclusion, on the facts disclosed, is that defendant has the larger list, and should have been awarded the printing.—REVERSED.