GEORGE F. SMITH Appellant, v. VAN BUREN COUNTY, Appellee.

**County printing:** RULES GOVERNING COMPENSATION. The position of publisher of an official county paper is so analogous to that of an officer, that the rules of law governing the conflicting claims of officers *de facto* and *de jure* against the municipality are applicable thereto.

**County printing:** CONTEST: COMPENSATION. To authorize recovery against a county for official printing, the publisher must show both title to the appointment as official printer and performance of the service. Under this rule, a publisher cannot have compensation for public printing pending a contest of his right to the position which is finally decided against him, even though the county board acquiesce in the service and his successful competitor has been denied the right of recovery therefor.

**Same.** Under Code, section 441, payment for official county printing is suspended, pending a contest, for the evident purpose of determining the incumbent's title.

*Appeal from Van Buren District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, OCTOBER 27, 1904.

THE opinion states the case.— *Affirmed.*

*Wherry & Walker,* for appellant.

*E. L. McCord* and *Starr & Calhoun,* for appellee.

WEAVER, J.— At the January, 1899, session of the board of supervisors of the defendant county the plaintiff, as the publisher of a newspaper known as the State Line Democrat, and one E. H. Rockwell, as publisher of another newspaper known as the Farmington Herald, applied to have their respective papers selected as the county official paper for the ensuing year, as provided in Code, section 441. A contest arising, the board gave its decision in favor of the plaintiff, from which decision Rockwell appealed to the district court, by which tribunal the decision of the board of supervisors was affirmed.   Thereafter Rockwell appealed to this court, where the judgment below was reversed. *Smith v. Rockwell,* 113 Iowa, 452.   On retrial in the district court judgment was finally rendered in favor of Rockwell.   The petition in the present case alleges that during the year 1899, after the appeal had been taken by Rockwell in the newspaper contest, and before its final determination in this court, plaintiff, with the knowledge and consent and under the direction of the board of supervisors, published the board's proceedings, and did other public printing to the amount, at statutory rates, of $385.27, and that such matters were not printed or published in the Farmington Herald.   It is further alleged that after the contest had been finally adjudicated in favor of Rockwell the latter presented to the board of supervisors a claim against the defendant for the amount of the printing done by the plaintiff, but the board rejected the claim, and in suit brought in the district court it was adjudged that said Rockwell, not having done the printing, could collect no pay therefor. In November, 1901, the plaintiff presented his claim for the printing so done by him to the board of supervisors,

which failed to take any action thereon until April, 1903, when it disallowed and refused to pay the claim. The plaintiff alleges that he did the work under and by virtue of the action of the board of supervisors in selecting the Democrat as the county official paper and before the reversal of such order by the Supreme Court, and that said paper was in fact for the time being the official paper, and the services for which payment is claimed were performed by him with the knowledge by the board of supervisors of all the facts in the premises. On this statement judgment is demanded against the county. To this petition the defendant demurred: (1) Because the claim is barred by the statute of limitations; (2) because, when the printing was done, the Democrat was not in fact the official paper of the county; (3) the board of supervisors had no authority for such publication in the Democrat, or in any other than the official paper of the county; (4) no recovery can be had on a *quantum meruit* where the board is without power to make an express contract. This demurrer being sustained, and judgment rendered against plaintiff for costs, he appeals.

If the appointment or selection of a " county official paper " operates as the appointment or selection of its publisher to an office, and his right to perform the service and collect payment therefor depends upon his right or title to such office, then the question here presented is clearly governed by the late case of *Brown v. Tama County,* 122 Iowa, 745, and the earlier case of *McCue v. Wapello County,* 56 Iowa, 698, to which precedents we shall hereinafter call more particular attention. It is the claim of appellee that the relation between the defendant county and the official printer is that of employer and employe only, and that an appointment or selection under the provisions of Code, section 441, is not an appointment to office. The courts have in many instances defined " public office " with sufficient elaboration for the purposes of the particular cases under consideration, but in few, if any, has any attempt been

made to formulate a definition so comprehensive or complete as to be universally applicable. See authorities cited in 23 Am. & Eng. Ency. Law, 322. In its strictest and narrowest sense it is said to mean a duty or charge or trust conferred by public authority and involving the exercise of some portion of the sovereign powers; but it has often been applied to positions in the public service, to which little, if any, of this exalted power has been intrusted. See, for instance, the following: A public office "is a right to exercise a public employment and to take the fees or emoluments thereunto belonging." It is "the right and correspondent duty to execute a public trust and to take the emoluments belonging to it." It is "a public station or employment, by the appointment of the government, and embraces the ideas of tenure, duration, emolument, and duties." Anderson's Law Dictionary; *United States v. Hartwell*, 6 Wall. 393 (18 L. Ed. 830). Says Danforth, J., in *Rowland v. Mayor*, 83 N. Y. 376; "Whether we look into the dictionaries of our language, the terms of politics, or the diction of common life, we find that whoever has a public charge or employment, or even a particular employment affecting the public, is said to hold an office." In *State v. Spaulding*, 102 Iowa, 639, the varying definitions of "public office" are collated by Kinne, J., and among others there approved we find the following: "A position created by the Constitution, or by direct act of the Legislature, or by a board of commissioners duly authorized so to do in a proper case, is a public office." Mr. Freeman says that a "better definition of an office is that it is a right to exercise a public function or employment and take the fees belonging to it."

Applying the rule or definition thus indicated, we think that if the person who has been duly selected and authorized to do the official county printing is not to be considered an officer, his position is so analogous to that of an officer that the rules which have

1. COUNTY PRINTING: rules governing compensation.

been approved with reference to the conflicting claims
of officers *de facto* and officers *de jure* and their respective
claims against the State, county, or other municipality may
properly be held applicable.   The official, county printer
holds no contractual relations with the county.   His ap-
pointment is commanded by law, and the board of super-
visors have no discretion to procure the work done by any
other person.   The duration of his appointment or selection
is fixed by the statute, as also is the compensation he is en-
titled to receive for his services.   If he does not show him-
self entitled to the appointment in the manner provided by
the statute, the board is powerless to select him.

As the ordinary State or county officer can enforce pay-
ment to himself of the salary or emoluments of the office
only by showing good title to such office, so he who claims
to recover for services rendered as public printer
must show that he has been duly and lawfully
selected or designated for that purpose.   In
*Brown v. Tama Co., supra,* and *McCue v. Wapello, supra,*
we have had occasion to consider the question, and it must be
held the settled rule in this State that one holding a public
position pending an appeal involving his title thereto is an
incumbent *de facto,* and while the county or other munici-
pality may, during such incumbency, safely pay him the
salary or emoluments of such position, he cannot, at least
after the appeal has been decided against him, and his *de
facto* incumbency has ceased, maintain an action to recover
for services rendered while he was in possession.   Mere pos-
session of the position and performance of the service give
him no right to enforce recovery unless it also appear that
he held the position by good title.   If instead of the pro-
vision made in Code, section 441, the board of supervisors
had been authorized to contract with any printer of its selec-
tion, or to exercise any discretion in the matter of selecting
the person to do the work or fixing the compensation to be
paid, there might be plausible ground for the claim made

2. COUNTY PRINT-
ING: contest;
compensation.

by appellant that, the service having been rendered with the knowledge and the express or implied direction and consent of the supervisors, the county is bound to make payment; but in the absence of these elements we see no room to apply the doctrine as to implied contracts. Had the board of supervisors entered into an express contract with the appellant (or any other printer than the one duly designated as provided by the statute) to publish the board proceedings, such contract would have been void, as being clearly in excess of the authority conferred upon such board; and, such being the case, we cannot conceive how its silence or acquiescence can operate to impose upon the county a liability which it had no power to impose by express agreement. See Dillon's Municipal Corporations (4th Ed.), section 461, note.

Appellant argues that pending the appeal, and while the State Line Democrat was recognized as the official paper, the publication therein of official notices could not be held invalid simply because the decision upon the appeal thereafter determined that another newspaper was entitled to the position, and the conclusion is sought to be drawn from this admitted proposition that the county is bound to pay for the services rendered prior to the final judgment in favor of the contestant. But the argument is fallacious. Because the acts of the *de facto* incumbent may be entitled to full faith and credit as official acts which are binding and conclusive against all the world, it by no means follows that he may recover the salary or emoluments of the position. Indictments signed by a *de facto* county attorney, notices served by a *de facto* sheriff, conveyances recorded by a *de facto* recorder, taxes collected by a *de facto* treasurer, judgments rendered by a *de facto* justice of the peace, court proceedings presided over by a *de facto* judge, are rendered neither void nor voidable because it may subsequently be adjudged that such officer holds his office by a defective title, and is therefore ousted in favor of a contestant; and in each instance

the person so ousted is without remedy to recover for official services rendered during his incumbency. The authorities bearing upon this proposition are quite fully reviewed in the Brown Case, and we think that the rule there stated is accepted and applied by the courts with practical unanimity.

Neither can we agree that because Rockwell was denied the right of recovery the appellant must therefore be held entitled thereto. Rockwell was properly held to have no claim for compensation, because he never performed the service for which alone any compensation is provided. *Jayne v. Drorbaugh,* 63 Iowa, 717. The appellant was properly denied recovery, because the right to enforce compensation depends upon the validity of his title to the appointment. In other words, to be entitled to recover from the county, the claimant must be able to show both title to the position and service therein. Rockwell could make the showing of title, but not of service, while the appellant could make the showing of service, but not of title, and there is therefore no inconsistency in denying relief to both.

There is another phase of the case to which reference should be made. The statute to which reference has been made (Code, section 441), and in which provision is found for the settlement of a contest over the selection of an official county newspaper, contains the following clause: " Neither publisher to the contest shall receive pay for publishing such proceedings until the case is finally disposed of." This provision would be rendered meaningless if, after the contest is finally adjudicated, the unsuccessful party could then proceed to collect the emoluments of the position which accrued while he was in possession. The payment would seem to be suspended pending the contest for the express purpose of determining whether the incumbent has any title to the appointment.

There was no error in the proceedings in the trial court, and the judgment is *affirmed.*