D. O. STONE, Appellant, v. W. A. QUIGLEY.

**Official county papers:** SELECTION. The board of supervisors is charged with the duty of selecting the official county papers from those having the largest circulation within the county, and where one publisher contests the list of another the board may determine its correctness from evidence aside from the verified list filed with the auditor; and if the contested paper in fact has the largest subscription within the county it is entitled to selection, even though there may have been some error or mistake in making out the verified list.

*Appeal from Sioux District Court.*— HON. F. R. GAYNOR, Judge.

THURSDAY, JUNE 4, 1908.

THIS is a contest over the award of the county printing. The plaintiff, the contestant, appeals.— *Affirmed.*

*Van Ousterhout & Hospers,* for appellant.

*John E. Orr* and *G. Klay,* for appellee.

SHERWIN, J.— At the time this controversy arose the plaintiff was the publisher of the Hawarden Independent, and the defendant was the publisher of the Hawarden Chronicle. The board of supervisors of Sioux county determined to select three papers for the county printing for 1906, and two of the number were selected without question. The parties hereto were contestants for the third place, and the plaintiff filed objections to the defendant's list. After hearing the objections the board awarded the printing to the Chronicle, whereupon the plaintiff appealed to the district

court. A demurrer was there interposed to the seventh paragraph of the plaintiff's objections, and it was sustained in the final judgment of the court. That paragraph alleged that the defendant's list of subscribers had not been prepared as required by law, because there had been placed therein under the heading of "Hawarden post office" the names of subscribers who received their mail through the post office at Calliope, Iowa. There was a stipulation in the district court to the effect that between twenty and thirty of the names shown on the defendant's list as receiving their mail at Hawarden post office in fact received it at the Calliope office; but it was also stipulated that, after "deducting the thirty names of the subscribers receiving their mail at Calliope from the list of the Chronicle, the list on its face would show about 276 more names than the showing made by the list" of the Independent. All questions have been eliminated from the case except the sole one whether the Chronicle's list satisfied the requirements of the statute.

Code, section 441, provides that, where there are several applicants for the printing, the circulation of the respective papers shall be determined as follows: " The applicants shall each deposit with the county auditor, . . . a certified statement, subscribed and sworn to before some competent officer, giving the names of the several post offices, and the number and the names of the *bona fide* yearly subscribers receiving their papers through each of said offices living within the county, . . . and the . . . applicants thus showing the greatest number of . . . subscribers . . . shall be the county official papers." The same section further provides that: " In case a contest is made by a publisher, the board shall receive other evidence of circulation, and he shall have the right of appeal to the district court, to be taken as in ordinary actions."

The appellant urges that the statute should be strictly construed, and that only such papers as have filed lists prepared in all respects in strict accordance with the language

of the statute are entitled to consideration as applicants for the printing. In support of. this contention we are cited to the case of *Runyon v. Haislet,* 90 Iowa, 376. In that case the plaintiff had filed a duly prepared and certified list, while the defendant had filed no list, but was awarded the printing on his verbal application therefor. It was held that, when more than two statements or lists are filed where but two papers are to be selected, there is a contest within the meaning of the statute; and, further, that the only ones whose claims for the county printing can be considered by the board are those who filed the statements required by the statute. The question of the sufficiency of a filed statement was not in the case, nor was any such question discussed or determined. There is a contest within the meaning of the first clause of the section when there are more applicants than two in counties having less than 17,000 population, and more than three in counties having a population of 17,-000 or more. And in case of such a contest it is undoubtedly true that there must be a substantial compliance with the statute to entitle the applicants to a hearing or to be considered as applicants.

But the last clause of the statute provides for a contest of a different kind. That relates to a case where one publisher contests the *bona fides* of the circulation of his competitor, and in such cases the statute expressly says that evidence other than the statement may be received. In other words, when the circulation of a paper is contested, the list is not conclusive, and no matter what the showing therein made, if it be found from other evidence that the paper has not the largest number of *bona fide* yearly subscribers within the county, it is not entitled to selection as one of the county official papers. But if, through error or mistake alone, a slight variance from the requirements of the statute is made, we see no valid reason for holding that it is fatal to the claim of a paper which in fact has the largest number of *bona fide* yearly subscribers. The purpose of the statute is to advise

the public rather than to favor newspapers, and for that reason the board of supervisors is required to select the papers having the largest number of *bona fide* subscribers. In this connection see the following cases: *Young v. Rann,* 111 Iowa, 253; *Smith v. Rockwell,* 113 Iowa, 452.

The judgment of the district court is right, and it is *affirmed.*