WHEELOCK v. MADISON COUNTY.

Criminal Law: COSTS OF DEFENDANT'S WITNESSES: WHEN TO BE PAID BY COUNTY. Under chapter 207, Laws of 1880, when the court or judge, prior to the trial of a criminal case, upon the application of defendant, and a showing as to the materiality of witnesses for defendant, orders such witnesses to be subpœnaed, and they are subpœnaed, the county becomes liable for their fees and mileage, without any order to that effect being made at or subsequent to the trial; but, as held in *Jones County v. Linn County,* 68 Iowa, 63, the order may also be made at the trial, or when judgment is pronounced.

*Appeal from Madison District Court.*—Hon. John H. Henderson, Judge.

Filed, September 7, 1888.

Plaintiff is the assignee of a number of claims against the county for the fees and mileage of witnesses for the defense in criminal causes. The board of supervisors refused to allow the claims. This action was brought to enforce payment. The district court sustained a demurrer to the petition, and plaintiff appeals.

*Ruby & Wilkin,* for appellant.

*John A. Guiher,* for appellee.

Reed, J.—It is alleged in the petition that in each of the causes in which the fees in question accrued the witnesses were subpœnaed upon the order of the court or magistrate before whom the causes were pending and tried, and that such orders were made upon a satisfactory showing that the testimony of the witnesses was material to the defense. Also that in each case the defendant was convicted, or held to answer any indictment that might be found against him. The case calls for a construction of chapter 207, Laws Eighteenth General Assembly. The chapter is entitled "An act to repeal section 3818 of the Code, in relation to the payment of witnesses for the defendant in criminal cases, and to enact a substitute therefor;" and its provisions are as follows: "Section 1. That section 3818 of the Code is hereby repealed, and the following enacted as a substitute therefor, to-wit: 'Sec. 2. In no criminal case shall witnesses for the defense be subpœnaed at the expense of the county, except upon order of the court or judge before whom the case is pending; then only upon a satisfactory showing that the witnesses are material and necessary for the defense; and the board of supervisors shall in no case audit or allow any claim for witness fees for the defendant in criminal cases, except upon order or judgment of court or judge thereof,

and such order may be made at the. time of trial or other disposition of the case, and upon such showing as the court may require.'" The section repealed by the act was as follows: "In all criminal cases the fees of witnesses for the defense shall be paid by the county." There is no averment in the petition that the court or magistrate made any further orders with reference to the matter after those for the subpœnaing of the witnesses; but the question of the liability of the county depends entirely upon the sufficiency of those orders to fix its liability. It will be observed that there are no words in the act expressly declaring that the county shall in any case be liable for the fees; but its liability upon the happening of the prescribed condition arises by necessary implication, for the command to the board of supervisors not to audit or allow the claim except upon the happening of the condition named is necessarily a direction to allow them when that condition has been complied with, for otherwise the whole section would be without force or meaning. The question, then. is as to the particular matters which the general assembly intended to prescribe as the condition upon which the county would become liable. It must be admitted that the language of the act fails to express the legislative intent with that clearness which is desirable. In interpreting statutes it is always important to consider what the law was before their enactment, and what particular evils or wrongs were intended to be remedied by them. Before the enactment of this statute the defendant in a criminal cause could at his pleasure subpœna any number of witnesses, and the county was liable for their fees and mileage, whether their testimony was necessary or material to his defense or not; and the county was in that manner often burdened with unreasonable and needless costs. That was the wrong intended to be remedied by the enactment; and, when the language of the act is examined, it is to be gathered from it that the intention was (1) that the county was to be liable for the fees of such witnesses only as should be material for the defense; and (2) that the·question of materiality

was to be determined by the order or judgment of the court. But when is that determination to be made? We think it may be made in advance of the trial, and when the witnesses are to be subpœnaed. A number of reasons support that view. The order may be made by the judge. It is also to be made upon a satisfactory showing that the witnesses are material to the defense. Now, if it is to be made only after the trial, and as part of the final order or judgment in the case, neither of these provisions was necessary, for in that case the order would be made by the court, and, the judge having heard the evidence, there would be no necessity for any showing as to its materiality. Some force must be given to these provisions in construing the act. But if the construction contended for by the county is the true one they are meaningless. That the order may be made at the trial, or when judgment is pronounced, is also true. We so held in *Jones County v. Linn County*, 68 Iowa, 63. But it does not follow that it cannot be made at an earlier date in the progress of the case. As we understand this record, the court in the cases in question was applied to by the defendants, before the cases came on for trial, for orders for the subpœnaing of their witnesses at the cost of the county, and accompanied the application with a showing as to the materiality of the witnesses; and the court, upon that showing, made the order; and that, we believe, is the common practice. The court having thus once determined the question of materiality, there clearly could be no necessity for again considering it; and there is nothing in the act requiring us to hold that such determination is not conclusive. It was contended in argument that the first provision of the second section, viz., that with reference to subpœnaing witnesses at the expense of the county, related alone to the expense attending the subpœnaing, such as the fees for serving the process and the like. But that idea is excluded by the title of the act, if not by its language. The title indicates the subject to which the act relates, and under the constitution (art. 3, sec. 29) no subject not expressed in the title can be embraced in the

act.   It is clear that the title embraces but the one subject, namely, "the payment of witnesses for the defendant in criminal cases." We think the district court erred in sustaining the demurrer.

REVERSED.