G. M. Cox, Plaintiff, v. George W. Burnham, District
Judge, Defendant.

Intoxicating Liquors:  CONSTRUCTION OF STATUTES.  Statutes relat-
1    ing to the sale of liquor are construed by the same rules
applicable to the construction of statutes generally, except as
modified by Code, section 2431, which provides that the gen-
eral chapter relating to intoxicating liquors shall· be so con-
strued as to prevent evasion.

Same: APPLICATION FOR PERMIT: POWER OF COURT TO FIX HEARING.
2    Code, section 2389, providing that applications for permits to
sell liquor are to be taken up and disposed of on convening of
court, where no cause to the contrary appears, is not manda-
tory, nor does the provision that "the court shall fix a day in
the term for the trial, and all applications shall be tried at
the first term  *  *  *  if the business of the court shall
allow," in case a remonstrance is filed or other cause appears,
abridge the general power of the court to determine the busi-
ness for the term.

Dismissal of Application: HEARING ON.   If in the exercise of the
3    court's discretion the time for hearing an application for a
permit to sell liquor is not fixed for the term at which it is
filed, nor before the judge in vacation, an adjournment of the
term will not *ipso facto* operate as a dismissal of the applica-
tion or deprive the court of jurisdiction.

Continuance:  CAUSE PRESUMED.   It will be presumed, in the ab-
4    sence of a showing to the contrary, that there was cause for
continuing the hearing over the term on an application for
permit to sell liquor.

FRIDAY, APRIL 10, 1903.

CERTIORARI proceedings, originally brought in this court by petition filed October 15, 1902. The plaintiff is a resident and citizen of Benton county, and the defendant is one of the judges of the Seventeenth Judicial District, which includes Benton county. A writ was issued in accordance with the prayer of the petition, to which writ a return has been made as required by law. The cause was submitted at the present term upon the facts as shown by the return thus made, together with the arguments of the respective counsel. By the return it is made to appear that on March 2, 1901, one P. H. Bell, a pharmacist, residing and doing business as such at Van Horne, in Benton county, filed in the office of the clerk of the district court of said county an application for a permit to deal in intoxicating liquors. A copy of such petition is set forth. It is in proper form, and therein is alleged all the facts, which, under the statute, must be made to appear in such cases. On the same day there was filed a notice to the county attorney of said county of such application, having indorsed thereon an acceptance of legal and timely service. Said notice recites that the application in question will come on for hearing in said court at the April term thereof, beginning April 15, 1901. On April 9, 1901, said applicant filed proof showing that proper publication of notice had been made as required by law. On April 22, 1901, the plaintiff, with eight other persons, claiming to be citizens of the county, appeared, and filed a remonstrance, the substance thereof being that there was already one permit in force in said town, and, the population of the town being but four hundred and eighty-four, the welfare of the community did not demand an additional permit. The April term of said court was presided over by Hon. Obed Caswell, one of the judges of said district. For some unexplained reason said application was not called up during the term, and was continued generally to the

next term, which convened in September, 1901. On October 14, 1901, being a regular day of said term, there appeared before the court, this defendant presiding, the attorney for said applicant and the county attorney in his official capacity, and also for and on behalf of said remonstrants, and by agreement October 24, 1901, was fixed as the time of hearing said application before the court. It further appears that on the day so fixed the applicant appeared with his attorney, and the county attorney appeared representing the public, and assuming to represent said remonstrants; that a hearing was had, the applicant introducing evidence to sustain the allegations of his application. Among other things, the attention of the court was called to the fact that there had been filed in said matter a paper signed by all but two of the remonstrants, the plaintiff herein being one of such two, asking leave to withdraw their names from the remonstrance, and that the court consider the same no further. As a result of the hearing, the court ordered that a permit issue in the manner and under the conditions provided by law. Proceedings *dismissed.*

*Chas. A. Clark & Son* and *Wm. G. Clark* for plaintiff.

*Cato Sells* and *Clarence Nichols* for defendant.

Bishop, C. J.—It is the contention of plaintiff that defendant was without jurisdiction to act in the premises, and this contention is made to rest solely upon the fact that the application was heard and order made at a term subsequent to that to which the proceeding was brought. This brings us directly to a consideration of the statutes bearing upon the subject of granting liquor permits to pharmacists. Section 2387 of the Code, among other things, requires the application to be by petition, to be filed in the clerk's office at least ten days before the term at which the matter is to be for trial. In section 2388 it

is provided that notice shall be given of such application by publication in a newspaper three consecutive weeks, the last publication to be not less than ten or more than twenty days before the first day of the term at which the hearing is to be had. Said section also provides that a copy of such notice shall be served upon the county attorney. Section 2389 provides as follows: "Upon the return day of the notice the court * * * shall, if no remonstrance has been or is offered to be filed, unless for cause postponed to some other day in the term, proceed to hear and try the application. Any remonstrance against or objection to the granting of the permit must be in writing, and filed in the clerk's office by noon of the first day of the term, unless further time be given, and shall be so filed before the date fixed for trial. Such remonstrance or objection may be made by any citizen of the county * * * and the court shall fix a day in the term for the trial, and all applications shall be tried at the first term after completed service has been made of the required notice, if the business of the court shall allow. * * * The county attorney shall appear in such cases, and any number of persons, not less than five, filing any remonstrance or objection, may also appear by counsel and resist the application. * * * If for any reason the application cannot be tried in term time, the same may be heard by the judge in vacation, at a time to be fixed by the court and made of record."

It is by construction of these statutory provisions that we are to determine the legality of the action of the defendant here complained of. Statutes designed to regu-

1. CONSTRUC-   late the sale of intoxicating liquors are to be
   TION of
   statutes.    construed and interpreted by the rules having
application to statutes generally, save as modified by section 2431 of the Code, which provides that it shall be the duty of courts and jurors to construe the general chapter relating to the subject of intoxicating liquors so as to

prevent evasion.   The matter of prime importance in any case is to ascertain what was the intent of the legislature. For this purpose the act itself is to be relied upon in the first instance.   If it be found that the terms are ambiguous, or the meaning obscure, resort may be had to the defects in the law as previously existing, and the evils sought to be remedied.   In cases like the one before us consideration may be given also to that general policy of the state which it may be presumed the legislature had in mind when framing the enactment.   *Wheelock v. Madison Co.*, 75 Iowa, 147; *Brown v. Lewis*, 76 Iowa, 159; *Glass v. Cedar Rapids*, 68 Iowa, 207.   So, too, statutes in *pari materia* are oftentimes important aids to correct interpretation.   *State v. Sherman*, 46 Iowa, 415.

It is evident from a reading of the initial sentence of section 2389 that the legislature intended that applications for permits are to be taken up and disposed of at once upon the convening of court, there being no remonstrance filed, and no cause to the contrary appearing.   This is equivalent to saying that such applications shall be preferred, as a matter of disposition, over the general business of the term.   But that the statute was not intended to be construed as mandatory in character is evident not only from the language directly employed, but from the subsequent provisions, consideration of which follows.   Proceeding a step farther, if a remonstrance is filed, or if cause appears, then (using the language of the statute), "the court shall fix a day in the term for the trial, and all applications shall be tried at the first term   *   *   *   if the business of the court shall allow."   Manifestly, the thought here is that if, for either of the reasons stated, the matter is not heard at the opening of the court, a definite time thereafter shall be fixed, so that persons interested may have notice when to appear, and that the time so fixed shall be within the then present term if the business of the court

2. Same: application for permit; power of court to fix hearings.

shall allow.   Now, by no force of reasoning can it be said that it was intended by such provision to take away or impair the general power vested in the court to control the business of the term.   Clearly, all the matters for which provision is made in section 2389—whether cause appears upon the opening of court for passing the application, when the order shall be made fixing a time within the term for trial, the date of the trial, whether the business of the court will allow a trial during the first term— are matters involving the exercise of discretion.   It is elementary that, where discretion is confided to an inferior tribunal, the exercise thereof is not subject to review, save for an alleged abuse resulting in substantial injustice.   As applied to the statute under consideration, and having the provisions of section 2431 especially in mind, conduct upon the part of such tribunal evasive in itself of the spirit and intent of the general liquor law, or as a proximate result of which such evasion may be either authorized or permitted, would be sufficient to constitute an abuse of discretion.   We need pursue this thought no further, however, as this proceeding is not predicated upon an alleged abuse of discretion.

We come now directly to the question involved in this controversy.   If, in the exercise of the discretion confided to it, the court shall be of the opinion that the amount and character of the other pending business will not allow the hearing of the application during the term, and a time is not fixed for a hearing before the judge in vacation, does an adjournment of the term operate *ipso facto* as a dismissal of the application proceedings?   Clearly, we think not.   The question has relation to the subject of practice, and such only. The element of merit or demerit inhering in the application is in no sense involved.   Now, if the legislature had intended as a matter of practice that a failure to try and determine at the first term should operate to dismiss the

3. Dismissal of application: hearing on.

entire proceedings, and this without regard to any question of merit, but simply and solely upon the grounds that the business of the court did not allow such hearing to be had, it would have been easy to say so, and it should have said so. The lawmaking power did not thus speak in terms, and, taking the statute as we find it written, we are unable to place thereon the construction contended for by counsel for plaintiff. From our reading it is manifest that the thought of the legislature was that such proceedings should be summary in character, that they should be heard and determined as speedily as the interests of the applicant on the one hand and the interests of the general public on the other would permit, and the other business of the court would allow. Within the sense of the language used, however, it is clearly apparent that it was contemplated that many reasons might exist for adjourning the term before a hearing upon an application could be reached—precedence given to more important matters until the expiration of the time allotted to the term, illness of the judge, making an abrupt adjournment necessary, etc. The enactment is, therefore, to be read and understood as meaning that, if, for any cause appearing, and having in mind the other pending business, the court shall not be able to hear the application at the first term, then an order may be made for a hearing before the judge in vacation, and, if this be not done, the matter shall stand continued to the next term, in common with all other undisposed of causes and proceedings; and this pursuant to the general statute having relation to such subject. "Upon any final adjournment of the court, all business not otherwise disposed of shall stand continued." Code, section 238.

It is a familiar principle that, if an exception to a general rule be intended, the language creating and defining such exception must be found in the legislative act

from which the exception derives its existence. There is no language in the statute before us, as we think, that can be distorted into giving the proceedings in question the character of an exception to the general rule. It may be added that to sanction the contrary view would lead to a holding at once unjust, unnecessary, and having no support in reason. It would be unjust and unfair in the extreme to a good-faith applicant, whose petition, through no fault of his own, had gone unheard to the hour of adjournment, to compel him to go to the trouble and expense of filing a new petition for the next term, giving the required notice anew, and so proceed from term to term until finally the business of the court would allow a hearing. No possible interest of the public could be subserved by such a course of proceeding. No doubt it is the policy of the law—and with good reason—that the matter of obtaining a permit to deal in intoxicating liquor shall be difficult, and shall be accomplished only when all the requirements of the law have been strictly complied with. But even such is not to be accepted as ample warrant for adopting, by construction merely, a course of procedure wholly unnecessary, and in all respects unreasonable. As illustrative of this, suppose that at the opening of court a remonstrance be filed presenting questions of such importance that much time is needed for preparation for trial; so, too, material, and perhaps the only, witnesses relied upon by the remonstrants, may be absent, and for the time being inaccessible. Now, if the contention of plaintiff be correct, and the court is disposed to extend any consideration to the applicant whatever, and arrangements cannot be made to have the application heard in vacation, the remonstrants must be forced to trial during the term in any event, as to adjourn without trial would be to dismiss. To pursue the one course would be to utterly disregard the interests of the remonstrants and the public

generally; to pursue the other would be to disregard every interest of the applicant.

Counsel for plaintiff put much stress upon the language found in sections 2387 and 2388, the material provisions of which we have hereinbefore set out.     Therefrom it is argued that a trial or hearing is authorized only at the particular term of court to which the proceeding is brought.   We think this contention without force.   These provisions have relation only to the time of filing the petition and the time of service of notice and the method of making the same.     All causes of action, both at law and in equity, and special proceedings, except where otherwise specially provided, shall be tried at the first term after legal and timely service has been made.   Code, section 3655.   This general provision is as broad and comprehensive as the language found in the sections under consideration.   Notwithstanding the language of section 3655, mandatory in character, the continuance of causes is provided for by statute, and continuances are favored when the business of the court requires, or substantial justice will be promoted thereby.   We conclude that a continuance of the application in question did not work a loss of jurisdiction, and that a hearing thereon might properly be had at the next term of court.

The defendant returns that the April, 1902, term of court was held by Judge Caswell, and no action, as far as appears, was had upon the Bell application at such term.

4. CONTINU- Of the reasons therefor we are not advised.
ANCE: cause
presumed.   We must presume, however, that there was cause for postponement. In the absence of a showing to the contrary, it will always be presumed that a court has acted properly.   *McCue v. Wapello County*, 56 Iowa, 698.

At the next term—being the September, 1902, term, the defendant presided.   The time for hearing the application was fixed after consultation with the attorney for applicant and the county attorney, representing the public,

and assuming to represent the remonstrants. The latter were not otherwise represented. The hearing was had in open court at the time fixed. All the proceedings appear to have been regular, and in no sense were they evasive in character. If the remonstrants desired to have been represented otherwise than by the county attorney, they should have been present and demanded a hearing. Not having done so, they are in no position to complain.—Dismissed.