STATE OF IOWA, Appellee, v. C. H. SNYDER, Appellant.

INTOXICATING LIQUORS: Nuisance—Sales By Druggist. Evidence reviewed, and held sufficient to sustain a finding that a druggist sold intoxicating liquors as a beverage.

INTOXICATING LIQUORS: Presumptions—Burden of Proof as to Registered Pharmacist. An instruction that the presumption arising from the finding of intoxicating liquors in the place of business of a druggist, who was a registered pharmacist, was that the same were kept for the purpose of illegal sale, held correct, when taken in connection with other instructions that (a) the jury should take into consideration the evidence, if any, of sales, and that (b) the jury could not convict the defendant unless they found that he used said building for the purpose of selling intoxicating liquors therein, or kept intoxicating liquors in said building for the purpose of sale.

INTOXICATING LIQUORS: Nuisance—Burden of Proof as to Registered Pharmacist. While, under Section 2385, Code, 1897, a registered pharmacist can purchase intoxicating liquors other than

malt, for the purpose of compounding medicines that cannot be used as a beverage, yet he is not authorized to manufacture or sell any compound that may be used as a beverage, and the burden is upon him to show that intoxicating liquors found in his place of business are kept for a lawful purpose.

INTOXICATING LIQUORS: Instructions—Liquor Statutes to be Construed to Prevent Evasion. Instruction of the court to the jury that the liquor statutes should be so construed by the courts and jurors as to prevent evasion, held correct, under Section 2431, Code, 1897.

TRIAL: Verdict—Impeachment—Affidavit of Jurors. A verdict may not be impeached by affidavits of two of the jurors that, but for a certain instruction, the jury would have returned a verdict of not guilty, or would have disagreed.

*Appeal from Polk District Court.*—CHARLES HUTCHINSON, Judge.

MARCH 14, 1919.

THE defendant was indicted, tried, and convicted for the crime of maintaining a liquor nuisance in the city of Des Moines at a drug store called the Victoria Pharmacy. A fine of $400 was imposed, with an order of commitment until the fine and costs were paid. Defendant appeals.— *Affirmed.*

*Herman F. Zeuch,* for appellant.

*H. M. Havner,* Attorney General, and *Ward C. Henry,* County Attorney, for appellee.

PRESTON, J.—1. Briefly, the indictment charges that defendant maintained the place with intent to sell intoxicating liquor, contrary to law, and that he did therein sell intoxicating liquor, contrary to law. No evidence was introduced on behalf of the defendant, except that he took the stand and testified that he was a registered pharmacist. It is not shown that he had a permit to sell intoxicating liquors. A motion to direct a verdict for the defendant

was overruled. The undisputed evidence shows that defendant was a druggist and registered pharmacist, conducting a retail drug store. On July 11, 1917, an assistant to the member of the police department, who had charge of enforcing the law relating to the sale of intoxicating liquors in Des Moines, purchased from the defendant a three-ounce bottle of liquor, labeled Jamaica ginger. In the afternoon of the same day, the same witness went to defendant's drug store, and found a clerk in charge; witness said to the clerk, "That was pretty good stuff, and I will take another bottle; you had better make it two, because one won't last long." The clerk brought the two bottles. These last-named two bottles were labeled Jamaica ginger. The witness paid 25 cents per bottle. The next day, the premises were searched. In the rear room, behind the customary drug store partition, on a sort of prescription counter, was found a gallon bottle of alcohol, about half full; back of this prescription case, and near the alcohol, was a bottle containing tincture of ginger, and about 300 or 400 small, empty bottles. About half of the empty bottles had corks in them. Two five-gallon containers that had been used for alcohol were found. One of them contained two or three gallons of alcohol. Upon analysis, the three bottles of liquor labeled Jamaica ginger contained 90 per cent of alcohol by volume, and 78 per cent by weight. The chemist who made the analysis testified that the liquor which he analyzed would be a tincture of a drug, according to the United States Pharmacopoeia, and that a dose, when used as a medicine, would be about a teaspoonful; that he found the compounds he analyzed to be in accordance with the compounding with the tincture of ginger, as prescribed by the Pharmacopoeia, but he further testified that, because of the alcohol, the liquor labeled Jamaica ginger could be used as a beverage; that it would depend on the person taking it; that a drinking man could drink it.

The instructions are nearly all complained of. They are, for the most part, in the usual form, and we shall not set them out fully. The jury was told, among other things, that, because of the defendant's plea, the burden of proof was upon the State to prove his guilt beyond a reasonable doubt. Other instructions gave the law, as found in Code Section 2384 and other sections of the statute, in regard to the use of any building or place for purposes prohibited by the statute. Intoxicating liquor was defined substantially as any preparation or compound, under any name, form, or device, which may be used as a beverage, and which is intoxicating in its character, including pure alcohol, or any compound which can be used as a beverage, containing sufficient alcohol to be intoxicating. The jury was further told, in substance, that, as bearing upon the question of whether or not defendant kept intoxicating liquor in said building for the purpose of selling the same, the jury should take into consideration the evidence, if any, that sales of intoxicating liquor were made on the premises; and that, if they should find from the evidence, beyond a reasonable doubt, that intoxicating liquor was sold on said premises by defendant, or by his clerk, with his knowledge and consent, this would be proof that defendant was using said premises for the purpose of selling intoxicating liquor thereon. The jury was further instructed that defendant would be guilty if they should find, beyond a reasonable doubt, either one or both of the following propositions: (1) That the defendant used said building or room for the purpose of selling intoxicating liquor therein, either by himself, or through others, with his knowledge and consent; (2) that the defendant kept intoxicating liquor in said building, for the purpose of selling, exchanging, bartering, or dispensing the same. Under the first proposition, and under the evidence, the jury could have well found that defendant sold intoxicating liquor as a beverage, and was, there-

1. INTOXICATING LIQUORS : nuisance: sales by druggist.

fore, guilty. See, as having a bearing, *Berner v. McHenry,*
169 Iowa 483. We think appellant has no just cause of com-
plaint of the instructions, so far.

2. We take it that appellant's real contention is that,
because defendant was a registered pharmacist, he had a
right to keep alcohol and the intoxicating liquors described,
and that the presumption arising, under the
statute, from the finding of the intoxicating
liquors in such a place, does not obtain.
By Instruction No. 6, the court quoted the
statute that the finding of intoxicating li-
quor in the possession of one not legally authorized to sell
or use the same, except in a private dwelling house, shall
be presumptive evidence that such liquor was kept for il-
legal sale, and then told the jury that defendant was not
legally authorized to sell intoxicating liquor, or alcohol,
and was not authorized to use the same, except for certain
purposes; and said further, in substance, that, if they
should find from the evidence, beyond a reasonable doubt,
that intoxicating liquor or alcohol was found upon the
premises in question, in the possession or under the control
of the defendant, it would be presumptive evidence that
such liquors were kept for illegal sale, and that it devolved
upon defendant to show that they were kept for a legal
purpose.

2. INTOXICATING
LIQUORS : pre-
sumptions : bur-
den of proof
as to registered
pharmacist.

The presumption is not conclusive, and may be rebutted;
but there was no evidence in the case tending to rebut it.
*State v. Wilson,* 152 Iowa 529. Section 2385 of the Code
provides:

"Persons holding permits may sell and dispense in-
toxicating liquors, not including malt liquors for phar-
maceutical and medical purposes, and to permit holders for

use and resale by them, only for the pur-
3. INTOXICATING   poses authorized in this chapter; they may
   LIQUORS: nui-
   sance: burden   also sell and dispense alcohol for specified
   of proof as to
   registered phar- chemical and mechanical purposes, and wine
   macist.
for sacramental uses. Registered pharma-
cists, physicians holding certificates from the state board
of medical examiners and manufacturers of proprietary
medicines may buy from permit holders intoxicating liquors
(not including malt) for the purpose of compounding medi-
cines, tinctures and extracts that cannot be used as a bever-
age, but nothing herein contained shall be construed to au-
thorize the manufacture or sale of any preparation or com-
pound, under any name, form or device, which may be used
as a beverage, and which is intoxicating in its character."

Under this statute, a pharmacist could purchase intoxi-
cating liquors, other than malt, for the purpose of com-
pounding medicines, etc., that cannot be used as a bever-
age; but he is not authorized to manufacture or sell any
preparation or compound which may be used as a beverage,
and which is intoxicating. Under the evidence in the in-
stant case, the substance sold by the defendant could be
used as a beverage, and there was, in addition, a quantity
of alcohol that could be so used. There is no evidence that
defendant kept the alcohol for the purpose of compounding
tinctures, etc., or that he did compound the substance sold
as Jamaica ginger. The evidence is only that he was a regis-
tered pharmacist. Prohibition is the rule in this state, and
it was for the defendant to disclose that the alcohol was
kept for a lawful purpose. *State v. Cloughly,* 73 Iowa 626;
*Shear v. Green,* 73 Iowa 688; *State v. See,* 177 Iowa 316;
*Milhiser v. Gandrup,* 146 N. W. 843 (not officially reported);
*Shideler v. Naughton,* 163 Iowa 616, 619. The court, by
Instruction No. 6, permitted the presumption to be con-
sidered as evidence, in connection with a prior instruction
heretofore set out, that, as bearing upon the question of

whether or not defendant kept intoxicating liquor in said place, for the purpose of selling it, the jury should take into consideration the evidence, if any, of sales; and further instructed that defendant could not be convicted unless one or the other of the two propositions heretofore set out was established.

The instructions must all be considered together. So considering them, we think there is no prejudicial error of which appellant may complain. The State argues that, because defendant took the stand as a witness, and testified only to the fact of his being a pharmacist, without denying the State's evidence, or explaining his keeping of the liquor, which was within his own knowledge, this raises a presumption against him; and that the evidence, if produced, would be unfavorable to him; and that the jury was entitled to consider, not only what defendant testified to, but also what was omitted in his testimony, because the material facts were within his own knowledge. Cases are cited in support of the proposition. Other cases are cited, holding that, upon a trial of one charged with selling spirits without a license, if proof be made of the sale, the jury may presume that the defendant has no license, from his omission to produce one. But we are not disposed to discuss these propositions. There was no instruction asked or given on this, as a guide to the jury. The other matters discussed are controlling.

3. The trial court instructed the jury that, under the statute, courts and jurors should construe the statute prohibiting the liquor traffic so as to prevent evasion. This is complained of, the thought being that the construction of statutes is one of law for the court, and not one of fact for the jury. But the statute itself, Code Section 2431, provides that jurors, as well as courts, shall construe the chapter in regard to alleged violations of the

4. INTOXICATING LIQUORS: instructions: liquor statutes to be construed to prevent evasion.

liquor law so as to prevent evasion. The jurors would know nothing about this statute, if they were not informed by the court, and we think it was proper for the court to give the instruction in question.

4. Affidavits of two of the jurors were filed, in support of the motion for new trial, to the effect that, but for Instruction No. 3, the jury would have returned a verdict of

5. TRIAL: verdict: impeachment: affidavit of jurors.

not guilty, or disagreed. This is a matter which inheres in the verdict, and may not be shown, or the verdict impeached, by affidavits. It is our conclusion that no prejudicial error appears. The judgment is, therefore,—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.