[No. 17058.  *En Banc.*  November 16, 1922.]

# THE STATE OF WASHINGTON, *Respondent,* v. PAUL KICHINKO, *Appellant.*[1]

INTOXICATING LIQUORS (6)—PROHIBITION—JOINTIST—EIGHTEENTH AMENDMENT. The state liquor enforcement laws were not superseded by the Eighteenth amendment to the United States constitution and the Volstead act, passed pursuant thereto.

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE. In a jointist case, error cannot be assigned on evidence of a prior conviction of violation of the liquor laws, where the accused, on cross-examination, testified to the same conviction.

INTOXICATING LIQUORS (30, 50)—OFFENSES—JOINTIST—EVIDENCE—SUFFICIENCY. A conviction of being a jointist on certain leased premises is sustained by evidence that the accused was conducting a pool-room and soft drink store, that much drunkenness was observed in and about the place, that he used a neighbor's premises for mash or home brew materials, suggested and talked about paying for protection in manufacturing intoxicating liquor, and a search of his place disclosed moonshine and empty bottles and he admitted running a joint at another place.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered December 9, 1920, upon a trial and conviction of being a jointist. Affirmed.

*Shrauger & Henderson,* for appellant.

*W. L. Brickey* and *W. H. Hodge,* for respondent.

MITCHELL, J.—The appellant was informed against, tried and convicted of the crime of being a jointist, in that at the town of Alger, Skagit county, Washington, "between the dates of the 18th day of August, 1920, and the 17th day of September, 1920, the said defendant did wilfully, unlawfully and feloniously open up, conduct and maintain a place for the un-

[1]Reported in 210 Pac. 364.

lawful sale of intoxicating liquor at a pool room, its appurtenances and appendants.''

The first assignment of error is that the statute of this state upon which the prosecution is founded has been superseded by the eighteenth amendment to the constitution of the United States and the Volstead act passed thereunder. By a number of decisions commencing with *State v. Turner,* 115 Wash. 170, 196 Pac. 638, we have uniformly held contrary to, appellant's contention. The assignment is without merit.

By the second assignment it is claimed the trial court committed reversible error in permitting the state to show, over the objections of the appellant, that he had been convicted before a justice of the peace, on August 19, 1920, of the crime of manufacturing intoxicating liquor. If there was error in admitting the testimony at the time it was received, of which there is no necessity for decision here, it was harmless and unavailing at the close of all the evidence before the jury, or for the purpose of this appeal, because the appellant, upon taking the witness stand in his own behalf, under the directions of his own counsel, testified to the same conviction before the justice of the peace and that he had paid the fine imposed. *State v. Baker,* 67 Wash. 595, 122 Pac. 335; 4 C. J., Appeal and Error, p. 938.

The only other assignment of error is that the evidence is insufficient to justify the verdict. The evidence on behalf of the state is not without substantial dispute, but there was sufficient to satisfy the jury of substantially the following facts, among others: (1) For some months the appellant conducted a pool room and soft drink store in a building occupied by him at Alger, under a lease of the premises, his wife and

children living in Seattle; (2) a resident of Alger testified as follows:

"Q. Have you observed drunkenness in and about his premises? A. I have seen lots of it. Q. You observed this drunkenness there between the 18th day of August and the 17th day of September, 1920? A. Yes. Q. Is it customary for drunks to hang about his place? A. I don't know whether it is customary or not, I notice a few hanging around there occasionally."

(3) Appellant requested of a neighbor permission to leave with him or place on his premises certain material the witness believed to be mash, and on an occasion within the dates mentioned in the information a boy, while playing with companions, observed a quantity of raisins, figs and other material in a small keg in a chicken coop on the neighbor's premises, about one hundred feet from appellant's place of business; (4) promptly after his conviction on August 19, 1920, of manufacturing intoxicating liquor, appellant requested and had an interview with certain public officers of the county, including the sheriff, in which he suggested that he was willing to pay for protection in the business of handling intoxicating liquor; (5) having been repulsed by the public officers, appellant later made the statement in the sheriff's office, on or about September 10, 1920, "that he was running a joint at Alger, they could not put him out of business; he was protected by several sheriffs and he didn't give a damn for any sheriff, for all had their price;" (6) at the time of the arrest of the appellant on the present charge, his premises were searched, wherein were found a pint bottle partly filled with moonshine whiskey, taken from the partition wall between the pool room and the living room, also two empty bottles the condition of which, according to the testimony,

indicated they had recently contained whiskey; and
(7) upon arriving at the sheriff's office after the arrest,
a conversation occurred between appellant and the
sheriff, Mr. Reay, concerning which a deputy sheriff
testified, "Q. I will ask you, Mr. Woodard, whether
or not in that conversation Mr. Reay asked Mr.
Kichinko if he was not running a joint at Alger, and
Mr. Kichinko admitted he was and said he had got
two gallons in there Saturday night previous? A.
Yes, sir." The same witness further said under cross-
examination, "Q. Did he tell you what the two gal-
lons was? A. Two gallons of liquor he said. . . .
Q. He told you he had that on the premises on Satur-
day night? A. He said it was in his place of
business."

It is true that no one testified to an actual sale of
intoxicating liquor on or about the premises, but a
sale or sales are not necessary under the statute which
defines a jointist to be any person who opens up, con-
ducts or maintains, either as principal or agent, any
place for the unlawful sale of intoxicating liquor. *State
v. Burgess*, 111 Wash. 537, 191 Pac. 635; *State v.
Niccoli*, 115 Wash. 543, 197 Pac. 923.

Appellant's wife testified that, on account of sick-
ness, she had purchased the bottle of whiskey, a part
of which was found by the officers, and that she had
taken it there, on visiting her husband at Alger, the
same day the search and arrest were made, while the
appellant denied knowing that it was there. But as
was said in a similar case, *State v. Arrigoni*, 119 Wash.
358, 205 Pac. 7, the liquor was found in the house
in which appellant had possession and over which he
had control, creating the presumption, though rebut-
table, that the possession was his—a question of fact
for the jury rather than a question of law for the
court.

Contradictions by the appellant of the state's evidence, and testimony in his behalf seeking to explain away the effect of proof against him, are all matters for the jury. There was sufficient evidence in this case to justify the verdict. The motion for a new trial was properly denied.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, FULLERTON, MAIN, MACKINTOSH, BRIDGES, and HOVEY, JJ., concur.