STATE OF IOWA, Appellee, v. TRUMAN COMER, Appellant.

**CRIMINAL LAW:** Reasonable Doubt—Erroneous Instruction. It is
1 erroneous to instruct that "the reasonable doubt *which entitles an accused to an acquittal* is a doubt reasonably arising from all the evidence, or lack of evidence, in the case."

**CRIMINAL LAW:** Presumption and Burden of Proof—Imposing Burden on Accused. No burden of proof can be properly imposed on

an accused to show, by a preponderance of evidence or otherwise, the existence of a fact which inheres in a plea of not guilty.

**INTOXICATING LIQUORS:** Instructions—Construction of Statute.
3   Instructions are proper which direct the jury to the fact that courts and juries shall so construe the law relative to intoxicating liquors as to prevent evasions,—but with proper admonition that the State must prove all material allegations beyond a reasonable doubt.

*Appeal from Union District Court.*—A. R. MAXWELL, Judge.

OCTOBER 17, 1924.

THE defendant was charged with the crime of manufacturing, owning, and having possession of certain instruments intended for use and capable of being used in the manufacture of intoxicating liquors. He. was convicted, and appeals.—*Reversed.*

*Higbee & McEniry,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *E. L. Carroll,* County Attorney, for appellee.

FAVILLE, J.—Appellant is a tenant farmer. His premises were searched by officers, who discovered a road leading from the farm buildings along the fence between the barn and a cornfield, and a track leading from this road about forty or fifty feet to a spot where an oil stove, four big barrels of mash covered with blankets and thermometers, and a barrel of water connected with a coil, were found. The evidence showed that the instruments so found were intended for and capable of being used in the manufacture of intoxicating liquors. Appellant was not with the officers at the time of the search, but it is contended that he was engaged in driving some cattle out of the cornfield. He appeared at the house shortly afterward, and before the officers left. He testified in his own behalf to the effect that he had no knowledge that the instruments in question were located upon the premises occupied by him.

I.   In instructing the jury on the question of reasonable doubt, the court unfortunately used an instruction which we have repeatedly condemned.   He told the jury:

"You are instructed that the reasonable doubt which entitles an accused to an acquittal is a doubt of guilt reasonably arising from all of the evidence or lack of evidence in the case."

As early as the case of *State v. Phillips,* 118 Iowa 660, we condemned this instruction, and said that it "is unfortunate, and should be avoided, as being open to the interpretation that the jury starts with the primary obligation to convict the accused unless some reasonable doubt arises to justify a verdict of not guilty."

1. CRIMINAL LAW: reasonable doubt: erroneous instruction.

Again, in *State v. McCausland,* 137 Iowa 354, we disapproved of an instruction containing this phrase.   In the quite recent case of *State v. Smith,* 194 Iowa 639, we said:

"This instruction should not have been given in this form * * * and trial courts should avoid the use of this unfortunate phrase."

In view of these repeated pronouncements by this court, there is no excuse for a trial court in this state to give this instruction.   There is no justification in any case for a trial court to give a disapproved and improper instruction, even though it may not be the basis of a reversal.   Instructions should be given correctly, and not as close to the line as can possibly be tolerated.

We follow the rule of the *McCausland* case in this instance, and hold that, because of the entire charge, when the instructions are read together, the erroneous expression in this instruction was not reversible error in this particular case.   We are not to be understood as holding that it may never be regarded as reversible error to give it.

II.   The court instructed the jury to the effect that, if they found "from a preponderance of the evidence that the defendant had no knowledge of the existence of said instruments, and did not consent that they should be placed upon his premises," then their verdict should be for the·defendant.

There is no conflict whatever in the evidence that the unlawful instruments were found upon the farm occupied by and

in the control of appellant.  His defense was that he had no

knowledge that the instruments were located

**2. CRIMINAL LAW:**
**presumption and** upon his premises.  The court erred in instruct-
**burden of proof:**
**imposing burden** ing the jury that it must find from a prepon-
**on accused.**
derance of the evidence that the defendant had

no knowledge of the existence of said instruments upon the prem-
ises so used and occupied by him.  The burden rested upon the
State throughout to establish the guilt of appellant beyond a
reasonable doubt.  It proved that the instruments were found
upon the premises used and occupied by appellant, in close
proximity to the farm buildings, and near a path and road lead-
ing from the farm buildings to their location, and proved their
apparent purpose.  Appellant testified to the effect that he knew
nothing of the instruments' being there.  The burden did not
shift to appellant.  His defense was not an affirmative defense,
as that term is sometimes used.  It inhered properly in his plea
of not guilty.  The court erred in instructing the jury that ap-
pellant must prove a want of knowledge by a preponderance of
the evidence.  Such is not the true rule, as applied to a case
of this kind.

III.  Appellant complains that the instructions assume that
proof of constructive possession, without proof of actual knowl-
edge of such possession, would warrant a conviction.

The instructions are not subject to the criticism urged.  The
court submitted to the jury the question as to appellant's knowl-
edge of the presence of the instruments on his place, from all of
the facts and circumstances disclosed in the evidence bearing on
the question.  The exception urged is without merit.

IV.  Complaint is made of Instruction No. 5, which is as
follows:

"You are instructed that the statutes of Iowa provide that
courts and jurors shall construe the law with reference to in-
toxicating liquors so as to prevent evasion; but this statute does

not relieve the State from proving beyond a rea-

**3. INTOXICATING**
**LIQUORS: in-** sonable doubt every material allegation of the
**structions: con-**
**struction of** indictment, as by these instructions explained."
**statute.**
This instruction is the law, as found in Code

Section 2431, and has been expressly approved by us in *State v. Snyder*, 185 Iowa 728.

There was no error at this point.

V. Appellant contends that the evidence does not sustain the verdict.

In view of a retrial of the case, we shall not enter into a discussion of the evidence in the case. It presented a question for the consideration of the jury.

For the error pointed out, the cause must be reversed and remanded for new trial. It is so ordered.—*Reversed and remanded.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.